(No. 60971

THE CITY OF SPRINGFIELD, Appellant, v. THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF SPRINGFIELD, Appellee.

*Opinion filed January 23, 1985.*

Frederic Benson, Corporation Counsel, of Springfield, for appellant.

Thomas H. McGary, of Springfield, for appellee.

JUSTICE WARD delivered the opinion of the court:

Plaintiff, the city of Springfield (the city), filed a complaint on August 10, 1984, in the circuit court of Sangamon County, for declaratory and injunctive relief against the defendant board of election commissioners of the city of Springfield (the board). In its complaint, the city asked that the court enjoin the board from holding an election to fill a vacancy created by the resignation of Tom Pape, a commissioner of the city. The city further asked that the court enter a declaratory judgment construing section 4—3—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 4—3—4), to allow the current city commissioners to appoint a replacement to fill the vacancy for the balance of Pape's unexpired term. The city and the board filed motions for summary judgment. On October 23, 1984, the court entered an order denying the city's motion and granting the board's motion, thereby authorizing the board to hold, pursuant to its motion, an election in April 1985, to fill the vacancy. We allowed a motion, filed by both parties, for direct appeal under our Rule 302(b) (87 Ill. 2d R. 302(b)).

The city, a municipality as defined by section 1—1—2 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1983, ch. 24, par. 1—1—2), has a commission form of municipal government under article 4 of the Code. Under this form of government, a mayor and four commissioners are elected and constitute the city council. (Ill. Rev. Stat. 1983, ch. 24, pars. 4—3—1, 4—3—3). They hold office for four-year terms. Ill. Rev. Stat. 1983, ch. 24, par. 4—3—4.

On April 12, 1983, Tom Pape was elected one of the four commissioners for the city. The election was certified by the board, which conducts elections in Springfield under the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 1—1 *et seq.*). On September 15, 1983, Pape resigned his office as a commissioner. At that time, there remained more than 28 months in his term of office and more than 130 days until the next general municipal election in April 1985.

The two statutes which gave rise to the dispute involved here are sections 4—3—4 and 3—2—7 of the Illinois Municipal Code.

Section 4—3—4 provides:

> "If a vacancy occurs in any of these offices, [mayor or commissioner], the remaining members of the council, within 30 days thereafter, shall appoint a person to fill the vacancy for the balance of the unexpired term, or until the vacancy is filled by interim election pursuant to Section 3—2—7, and until the successor is elected and has qualified." (Ill. Rev. Stat. 1983, ch. 24, par. 4—3—4).

Section 3—2—7 provides:

> "Except as otherwise provided in this Code, whenever a vacancy occurs in any elective municipal office, with at least 28 months remaining in a 4-year term, and the vacancy occurs at least 130 days before the next scheduled general municipal election as provided in the general election law, the office shall be filled for the remainder of the term at that general municipal election. *** Until the of-

fice is filled by election, the mayor or president shall appoint a qualified person to the office, subject to the advice and consent of the corporate authorities." (Ill. Rev. Stat. 1983, ch. 24, par. 3—2—7).

The city interpreted section 4—3—4 as creating an option for the city to appoint a replacement to fill the commissioner vacancy either for the remaining portion of the unexpired term or until the vacancy would be filled through interim election under section 3—2—7. The city chose to exercise the former option and appointed James Norris to fill the balance of the unexpired term.

The board, however, took the position that sections 4—3—4 and 3—2—7, when read in conjunction, mandated an election in April 1985 to elect a successor commissioner to serve the balance of the term. Norris' appointment by the city, therefore, will remain in effect only until the April 1985 election. The board argues that this analysis is correct, because at the time of Pape's resignation, there remained more than 28 months in his term of office and the vacancy occurred more than 130 days before the next scheduled election. When these conditions exist, the board contends, an interim election is mandated by section 3—2—7. The circuit court, as we have stated, agreed with the board's conclusion.

As originally enacted in 1961, section 4—3—4 of the Code gave the city council an option when a vacancy occurred to appoint a successor for the balance of the unexpired term or to hold a special election. (See 1961 Ill. Laws 576, 644.) In 1980, extensive changes were made in Illinois' election laws through amendments to the Election Code and to the Illinois Municipal Code, including sections 4—3—4 and 3—2—7 of the latter. (See Pub. Act 80—1469, 1978 Ill. Laws 1926-30.) Section 4—3—4 was amended by eliminating the special-election means of filling vacancies and substituting the requirement that interim elections be held pursuant to section 3—2—7.

Other sections of the Municipal Code were amended to require vacancies in office to be filled through interim elections under the requirements of section 3—2—7. (See, *e.g.*, Ill. Rev. Stat. 1983, ch. 24, par. 3—4—6 (mayor); Ill. Rev. Stat. 1983, ch. 24, par. 3—4—14 (alderman); Ill. Rev. Stat. 1983, ch. 24, par. 3—5—2 (village trustee).) The special-elections means of filling vacancies in municipal office was removed from section 3—2—7 and an interim election was provided for, when the balance of the unexpired term of the vacant office was longer than 28 months and the vacancy occurred at least 130 days before the next scheduled election.

The result of these amendments was to create a consolidated schedule of elections through the elimination of the special-election method of filling vacancies and providing for all elections to be held on one of five regular dates over a two-year cycle. (See Ill. Rev. Stat. 1983, ch. 46, pars. 2A—1.1, 2A—1.2, 2A—1.3.) This consolidated election scheme was enacted to lessen voter confusion, increase voter participation, and provide uniformity in elections administration. *Lynch v. Illinois State Board of Elections* (7th Cir. 1982), 682 F.2d 93.

As it argued in the circuit court, the city contends that it has the option, under section 4—3—4, to appoint a successor for the entire unexpired term of the resigning commissioner. The city notes that section 4—3—4 provides that "[i]f a vacancy occurs ***, the remaining members of the council *** shall appoint a person to fill the vacancy for the balance of the unexpired term, *or* until the vacancy is filled by interim election pursuant to Section 3—2—7." (Emphasis added.) It says that the use of "or" in section 4—3—4, indicated that the legislature intended the city council to have the alternatives of appointment for the full term of the vacancy or holding an interim election pursuant to section 3—2—7.

In construing statutory provisions, it is fundamental

that the judicial role is to ascertain the intent of the legislature and give it effect. (*People v. Robinson* (1982), 89 Ill. 2d 469.) A court will examine the entire statute for guidance as to that intent. (*Miller v. Department of Registration & Education* (1979), 75 Ill. 2d 76.) Too, a court will seek to determine the objective the statute sought to accomplish and the evils it desired to remedy. *Chastek v. Anderson* (1981), 83 Ill. 2d 502.

Applying the foregoing, we consider that section 4—3—4 did not give the city an option of filling the vacancy by appointing Norris to serve the balance of Pape's unexpired term. When it amended section 3—2—7, the legislature limited the city's power to appoint for the balance of the term by providing that when the unexpired term is at least 28 months and the vacancy occurs at least 130 days before the next regularly scheduled general municipal election the vacancy will be filled through an interim election. Section 4—3—4's reference to section 3—2—7 shows that the two sections cannot be read in isolation. When section 4—3—4 is read in conjunction with section 3—2—7, it becomes clear that the legislature intended to confer authority on the city council to appoint for the balance of an unexpired term only if an interim election is not required under section 3—2—7. The circuit court correctly entered judgment in favor of the board.

For the reasons given, the judgment of the circuit court is affirmed.

*Judgment affirmed.*