KENNETH R. BAUER, Plaintiff-Appellee, v. H.H. HALL CONSTRUCTION COMPANY, Defendant-Appellant.

Fifth District   No. 5—85—0332

Opinion filed February 10, 1986.

Dunham, Boman & Leskera, of East St. Louis (John W. Leskera and Elizabeth I. Leskera, of counsel), for appellant.

Robert S. Forbes, of Phillip J. Kardis, P.C., of Alton, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

This case is before the court on a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) in which we are asked to interpret "An Act to protect workers and the general public from injury or death during construction or repair of bridges and highways within the State of Illinois" (Ill. Rev. Stat. 1983, ch. 121, par. 314.1 *et seq.*) (hereinafter cited as the Road Construction Injuries Act). The pertinent facts follow.

Plaintiff, Kenneth R. Bauer, filed an action against defendant, H.H. Hall Construction Company, seeking damages for personal injuries sustained when a bicycle he was operating on Moreland Road in Fort Russell Township, Madison County, collided with a unlit barri-

cade erected by defendant, its agents or employees. Plaintiff alleges that at the time of the collision, defendant was a contractor engaged in construction work upon Moreland Road and, in the course of that construction, had closed one lane of the road. Plaintiff further alleges that his injuries were proximately caused by one or more of the following acts or omissions by defendant: (a) failure to provide adequate warning that a portion of the road was unsafe for travel, (b) failure to provide proper warning signs and signals to indicate that a portion of the road was closed, and (c) placing an unlit barricade across a portion of the road.

Plaintiff's complaint is in two counts, each of which is based upon the foregoing factual allegations. Count I claims a wilful violation of section 4 of the Road Construction Injuries Act (Ill. Rev. Stat. 1983, ch. 121, par. 314.4). Count II sounds in negligence. Defendant moved to dismiss both counts. With respect to count I, the count involved in this appeal, defendant argued that the Road Construction Injuries Act was designed to protect only motorists and is inapplicable where, as here, the person injured was a bicyclist. Defendant's motion was denied. A subsequent motion by defendant for reconsideration of dismissal as to count I was likewise denied. Thereafter, defendant filed an answer to count II, but requested immediate appeal of the court's order refusing to dismiss count I. Defendant identified four related questions of law pertinent to that order. The trial court certified in writing that there were substantial grounds for difference of opinion concerning those questions and that an immediate appeal from its order might materially advance the ultimate disposition of this litigation. Leave to appeal was granted by this court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), and the questions of law posed by the trial court's order are now before us for review.

Although phrased in different terms, the four questions of law presented are simply variations of the same issue: may a bicyclist sue for damages under the Road Construction Injuries Act for personal injuries proximately caused by a wilful violation of section 4 of that Act? Resolution of this issue necessarily turns on whether bicyclists are among the class of persons which the Act was designed to protect. For the reasons which follow, we find that they are.

The fundamental rule of statutory interpretation is to ascertain the intent of the legislature and give it effect. (*Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 340-41, 473 N.E.2d 1313, 1315.) Legislative intent is determined primarily through consideration of the statutory language. (*Collins Oil Co. v. Department of Revenue* (1983), 119 Ill. App. 3d 808, 815, 457 N.E.2d 118, 122.) The

language of section 4 of the Road Construction Injuries Act provides:

"Any portion of highway or bridge which is closed to all traffic shall be marked at each place where vehicles have accessible approach to such portion of highway or bridge, and at a sufficient distance from the closed portion of such highway or bridge shall be marked with an adequate number of safe, suitable, and proper warning signs, signals or barricades as set forth in the Manual of Uniform Traffic Control Devices for Streets and Highways published by the Department of Transportation so as to give warning to approaching motorists that such portion of bridge or highway is closed and unsafe for travel." Ill. Rev. Stat. 1983, ch. 121, par. 314.4.

■ Defendant suggests that the reference to motorists in this provision evinces an intent to limit its protection to the operators of motor-propelled vehicles. We disagree. In construing a statute, legislative intent cannot be determined simply by reading particular words or phrases in isolation. Rather, the entire statute must be examined. (*Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 341, 473 N.E.2d 1313, 1315.) Each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole. (*Estep v. Department of Public Aid* (1983), 115 Ill. App. 3d 644, 647, 450 N.E.2d 1281, 1283.) Effect must be given, if possible, to every word, clause and sentence, and a court may not read a statute so as to render any part inoperative, superfluous or insignificant. 115 Ill. App. 3d 644, 647, 450 N.E.2d 1281, 1284.

Section 6 of the Act specifies:

"Any contractor, subcontractor, or his or her authorized agent or driver of any motor vehicle who knowingly or wilfully violates any provision of this Act, shall be responsible for *any injury to person or property* occasioned by such violation, and a right of action shall accrue to *any person injured for any damages* sustained thereby; ***." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 121, par. 314.6.)

By its plain terms, this section imposes liability for any injury and provides a remedy for any damage sustained by any person, not simply motorists, as a result of a violation of the Act. Although the section does refer to drivers of motor vehicles, that reference merely defines one category of individuals who may be held liable for violation of the Act. It is not a limitation on the type of injury compensable or the group of persons for whom redress is available. Defendant's interpretation of section 4 thus requires either that the unambiguous lan-

guage of section 6 be completely ignored, or else that it be read to create a conflict between the two provisions. Under the principles of statutory construction outlined above, such an interpretation must be rejected.

We believe that section 6 means precisely what it says: any person injured by a violation of the Act may sue for damages caused by that violation. In our view, "any person" includes any bicyclist. Although section 4 requires an adequate number of safe, suitable and proper warning signs, signals or barricades "so as to give warning to approaching motorists," we do not construe this language as imposing an obligation on contractors to give warning only to motorists. Rather, we understand it as establishing the standard of care by which a contractor's liability will be measured. That is, we believe that the legislature intended this language to mean that when signs, signals or barricades are necessary, they must be adequate to insure that motorists approaching construction areas or obstructions due to construction are given sufficient advance warning of those conditions and are alerted that normal traffic flow and normal traffic conditions may have changed. (*Koches v. Chicago & Illinois Midland Ry. Co.* (1983), 112 Ill. App. 3d 851, 855, 445 N.E.2d 948, 950.) If they are adequate for this purpose, then they will also be found adequate as a matter of law to warn other types of oncoming traffic, including bicyclists. No further precautions will be required. The contractor's duty will be discharged. This construction fully harmonizes sections 4 and 6 and gives full effect to the terms contained therein.

Where, as here, differing interpretations of a statute are proffered, a court must also consider the reasons for the enactment and the purposes to be attained thereby in determining legislative intent. (*Board of Trustees v. Taylor* (1983), 114 Ill. App. 3d 318, 323, 448 N.E.2d 1171, 1174.) Such consideration further persuades us that bicyclists are among those intended to be protected by the Act. The Road Construction Injuries Act is a safety statute, the purpose of which is to protect workers and the general public from injury or death during construction or repair of bridges and highways within the State of Illinois (*Koches v. Chicago & Illinois Midland Ry. Co.* (1983), 112 Ill. App. 3d 851, 855, 445 N.E.2d 948, 950) and to fully compensate persons injured by its violation. (*Vegich v. McDougal Hartmann Co.* (1981), 84 Ill. 2d 461, 467, 419 N.E.2d 918, 920.) Bicyclists are members of the general public and are permitted to use the same highways as motorists (see Ill. Rev. Stat. 1983, ch. 95½, pars. 11–1505, 11–1505.1), except where access may be restricted by the Department of Transportation. (Ill. Rev. Stat. 1983, ch. 95½, par.

11—711(b)). To effectuate the Act's purpose, they must be afforded the same protection and the same right to recovery.

■ Defendant argues that allowing bicyclists to seek redress under the Act would be unjust, because it would require construction companies to develop and implement special signs, signals or barricades applicable to bicycle traffic. We recognize that a statute should not be interpreted so as to lead to absurd, inconvenient or unjust consequences. (*Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 342, 270 N.E.2d 415, 417.) Nevertheless, we find the injustice perceived by defendant to be groundless. As our previous discussion of section 4 makes clear, signs, signals and barricades which are adequate to warn motorists will also be regarded as adequate to satisfy a contractor's duty under the Act to provide warning to bicycle traffic. Additional or specialized devices will not be necessary. Indeed, the Manual on Uniform Traffic Control Devices for Streets and Highways, incorporated by reference into section 4, already provides that where signs are to serve both bicyclists and motorists, their height and placement shall be as specified under the general sign requirements and that, wherever possible, the design of signs for bicycles should be identical to that specified for motor vehicle traffic. Illinois Department of Transportation, Manual on Uniform Traffic Control Devices for Streets and Highways, pars. 9B—2, 9B—3 (1979).

While including bicyclists within the Act's coverage works no injustice, excluding them would. It would mean, for example, that the driver of a motor vehicle which fell into an open, unlit pit at an unmarked road construction site on a highway closed to all traffic could sue for damages under the Act, while a bicyclist following behind on the same roadway and sustaining the same injuries could not. Defendant argues that such disparate treatment can be justified on the grounds that bicycles are slower and more maneuverable, requiring less warning than motor vehicles. We note, however, that bicycles are also unable to negotiate many road hazards easily passable by motor vehicle traffic, and that when such hazards are encountered, the potential injury may be as great, if not greater, to a bicyclist, who lacks the protection which the body of a motor vehicle can provide. Under these circumstances, we believe that depriving bicyclists of a cause of action for violation of the Act would indeed be anomalous and could not have been the intent of the legislature.

In *Vegich v. McDougal Hartmann Co.* (1981), 84 Ill. 2d 461, 468, 419 N.E.2d 918, 921, our supreme court wrote that the Road Construction Injuries Act protects "motorists and workers." Defendant asserts that this language precludes us from holding that bicyclists

are similarly protected. It does not. *Vegich* must be read in context. That case involved the liability of a contractor to motorists injured when their pick-up truck smashed into a flatbed trailer parked on a section of highway closed for repairs. The issue of whether persons other than motorists could sue under the Act was not raised or decided. Contrary to defendant's assertion, nothing in *Vegich* or any other case brought to our attention is inconsistent with our finding that the protections of the Act were intended to embrace bicyclists.

Because bicyclists are within the class of persons intended by the legislature to be protected by the Road Construction Injuries Act, we hold that a cause of action for damages will lie where a bicyclist is injured as a proximate result of a wilful violation of section 4 of that Act. Accordingly, the trial court did not err in refusing to dismiss count I of plaintiff's complaint.

For the foregoing reasons, the order of the circuit court of Madison County is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

JONES and WELCH, JJ., concur.