THE ILLINOIS DEPARTMENT OF REVENUE, Plaintiff-Appellant, v. COUNTRY GARDENS, INC., *et al.*, Defendants-Appellees.

Fifth District No. 5—85—0370

Opinion filed July 7, 1986.

50

JONES, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Imelda R. Terrazino, Assistant Attorney General, of Chicago, of counsel), for appellant.

Mike Reed, of Crain, Cooksey, Veltman & Pursell, Ltd., of Centralia, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, the Department of Revenue (hereinafter referred to as the Department) appeals from an order of the circuit court of Marion County granting summary judgment in favor of defendants Gerald, James, and John Purcell, former corporate officers of defendant Country Gardens, Inc., on the grounds that the Department's suit to impose personal liability on them for the corporation's unpaid retailers' occupation taxes was time barred under section 13½ of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 452½). For the reasons which follow, we reverse and remand.

Defendant Country Gardens, Inc., was a Delaware corporation qualified to do business in the State of Illinois. It was engaged in the business of selling tangible personal property at retail in Salem, Illinois. Defendants Gerald, James and John Purcell were, respectively, president, secretary and treasurer of the defendant corporation. They were allegedly charged with the control, supervision or responsibility of filing returns and making payments for the corporation under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 440 et seq.).

Country Gardens filed no returns and made no tax payments under the Act for the periods of July and August 1979 and September 1981 through February 1982. The Department issued a notice of tax liability for those periods on May 7, 1982, but the defendant corporation did not file a protest or request a hearing, and the Department's notice automatically became a final assessment on May 27, 1982. (See Ill. Rev. Stat. 1983, ch. 120, par. 444.) In addition, the corporation filed a late return on September 1, 1981, for the month of July 1981 and a late return on October 1, 1981, for the month of August 1981,

but the corporation's checks were returned for insufficient funds, and the amounts due for those two months were never paid. On December 1, 1982, the Illinois Secretary of State revoked the corporation's authority to transact business in Illinois because it failed to file an annual report and pay an annual franchise tax. The corporation was ultimately dissolved by the Delaware Secretary of State on March 1, 1983.

On August 15, 1983, the Department filed a complaint against both Country Gardens, Inc., and the defendant corporate officers to collect the unpaid retailers' occupation taxes, plus accrued interest and penalties. Count I sought recovery of the taxes from the corporation pursuant to section 5 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 444). Counts II through IV, in the alternative, alleged that the respective corporate officer defendants had wilfully failed to provide for payment of the corporation's taxes, and that those defendants should be held individually liable for the taxes under section 13½ of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 452½).

Summary judgment was granted in favor of the Department and against Country Gardens, Inc., under count I on July 13, 1984, and the Department was awarded the sum of $102,968.05. On May 9, 1985, however, the court granted summary judgment on counts II through IV in favor of the corporate officer defendants and against the Department. As grounds for its summary-judgment order, the circuit court held that the Department's claim was time barred because it failed to obtain judgment against the defendant corporate officers within the two-year limitations period specified by the 1981 amendment to section 13½. The court further held that the limitations provision of section 13½, as amended, was procedural rather than substantive in nature and therefore applied retroactively to bar liability by the defendant corporate officers even for taxes which accrued before the amendment took effect. The trial court's order of May 9, 1985, is now before us for review.

The Department contends that the circuit court's interpretation of section 13½ was erroneous and that the limitations period of that statute was satisfied when it commenced its action against the defendant corporate officers within the two-year period, even though their liability was not reduced to judgment within that time. The Department further argues that even if the statute, as amended, required that judgment be obtained within the limitations period, it should not have been applied retroactively so as to bar collection of tax liabilities accruing before the effective date of the statute's

amendment in 1981.

■ As this court has recently noted, the fundamental rule of statutory interpretation is to ascertain the intent of the legislature and give it effect. (*Bauer v. H. H. Hall Construction co.* (1986), 140 Ill. App. 3d 1025, 1027, 489 N.E.2d 31, 32.) Legislative intent is determined primarily through consideration of the statutory language. (140 Ill. App. 3d 1025, 1027, 489 N.E.2d 31, 32.) A court will examine the entire statute, and every part or section should be construed in connection with every other part or section so as to create a harmonious whole. (140 Ill. App. 3d 1025, 1028, 489 N.E.2d 31, 33.) At the same time, a court will also seek to determine the objective the statute sought to accomplish and the evils it desired to remedy. *Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 341, 473 N.E.2d 1313, 1315.

■ Section 13½ provides an exception to the general rule that officers or employees of a corporation are not individually liable for corporate debts or tax obligations (see *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 577-78, 369 N.E.2d 1279, 1284 (Moran, J., concurring)) and allows for the collection of retailers' occupation tax against such officers or employees when the corporation liable for the tax is unable to pay. The purpose of this statute is to provide " 'responsibility for the stewardship of the funds collected from the public for the State.' " (*Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 28, 476 N.E.2d 413, 417, quoting *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 576, 369 N.E.2d 1279.) Without it, corporate officers could employ those funds to pay corporate obligations as well as salaries and bonuses to employees, and thus make recovery of the funds from a defunct corporation an impossibility. *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 575-76, 369 N.E.2d 1279, 1283.

Pursuant to section 13½, the Department must first bring proper proceedings to collect the tax against the corporation and, after a determination that the corporation is unable to pay the tax, must then prove that the officers or employees responsible for the payment of the tax due wilfully failed to make such payment. Section 5 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 444), authorizing the initial action to collect the unpaid tax against the corporation, essentially provides that such actions shall be instituted: (a) within two years after the date any court proceedings to review the Department's final tax assessment have terminated or the time for such review has passed without court proceedings being instituted, or

(b) within two years after the date any return is filed with the Department in cases "where the return constitutes the basis for the suit for unpaid taxes, or a portion thereof, or a penalty provided for in this Act, or interest." By contrast, until its amendment, effective October 28, 1981, section 13½ provided no particular limitations period within which an action had to be commenced against corporate officers or employees after the corporation's liability was established. In this regard, it paralleled the original version of section 6672 of the Internal Revenue Code of 1954 (26 U.S.C.A. sec. 6672 (West 1967)), a comparable Federal statute which our supreme court has referred to in construing section 13½ of the Retailers' Occupation Tax Act. See *Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 29, 476 N.E.2d 413, 417; *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 576, 369 N.E.2d 1279, 1283; see also *Rosenberg v. United States* (2d Cir. 1964), 327 F.2d 362, 365 (construing predecessor statute to section 6672).

Prior to its amendment in 1981, section 13½ stated simply:

"Any officer or employee of any corporation subject to the provisions of this Act who has the control, supervision or responsibility of filing returns and making payment of the amount of tax herein imposed in accordance with Section 3 of this Act and who wilfully fails to file such return or to make such payment to the Department shall be personally liable for such amounts, including interest and penalties thereon, in the event that after proper proceedings for the collection of such amounts, as provided in said Act, such corporation is unable to pay such amounts to the department; and the personal liability of such officer or employee as provided herein shall survive the dissolution of the corporation." Ill. Rev. Stat. 1979, ch. 120, par. 452½.

Under the 1981 amendment, the period in the last line of section 13½ after the word "corporation" was changed to a semicolon, and the following language was added:

"however, upon the expiration of 2 years after the date all proceedings in court for the review of any final or revised final assessments which constitute the basis of such liability have terminated or the time for the taking thereof has expired without such proceedings being instituted or upon the expiration of 2 years after the date any return is filed with the Department in cases where the return constitutes the basis of such liability, no officer or employee of the subject corporation shall be liable (except for such liability already reduced to judgment against

such officer or employee) for any outstanding liability previously incurred prior to dissolution. (Ill. Rev. Stat. 1982, ch. 120, par. 452½.)

■ A threshold issue raised by this appeal is how the limitations period of this amendment affects the main body of the provision. The amendment refers specifically to "outstanding liability previously incurred prior to *dissolution*" (emphasis added). It begins with the word "however," which, in this context and consistent with common usage, is a term of qualification, and it follows immediately after the phrase "the personal liability of such officer or employee as provided herein shall survive dissolution of the corporation." Under the "last antecedent doctrine," relative or qualifying words are normally interpreted as modifying those words or phrases which immediately precede them and not those words which are more remote. (*City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 375, 385 N.E.2d 687, 688.) In accordance with this doctrine, and considering the statute as a whole, we believe that the 1981 amendment was intended by the legislature to apply only to the personal liability of a corporation's officers or employees for unpaid retailers' occupation tax where, as here, the corporation has been dissolved. The amendment's two-year limitations period is therefore inapplicable to and does not limit or qualify the tax liability of such officers or employees when the corporation remains in existence. In such cases, the law remains that there is no restriction on the period in which an action may be commenced against a corporation's officers or employees under section 13½.

A more difficult problem concerns interpretation of the amendment's two-year limitations period, which provides that no officer or employee shall be liable for any outstanding tax liability incurred prior to dissolution of the corporation "upon expiration of 2 years" after the date of certain enumerated events, in view of the parenthetical phrase contained in the amendment, which states, "except for such liability already reduced to judgment against such officer or employee." The corporate officer defendants here argue, and the circuit court believed, that this phrase must be read to mean that corporate officers and employees cannot be held liable under section 13½ unless their liability is reduced to judgment within the specified two-year period. Given the literal language of the amendment, such a construction is not untenable. The Department argues, however, that to construe the amendment in this way would yield contradictory and unworkable results. We agree.

As previously noted, section 13½ requires the Department to first bring proper proceedings against the corporation. (*Department of*

*Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 574-75, 369 N.E.2d 1279, 1282.) Pursuant to section 5, such proceedings are to be *instituted* within two years. (Ill. Rev. Stat. 1983, ch. 120, par. 444.) The same events which trigger commencement of the limitations period under section 5, however, also begin the running of the limitations period under section 13½. Accordingly, if the defendants' construction were accepted, the effect would be that judgment would have to be obtained against the corporation's officers or employees even before the time for filing suit against the corporation itself had expired. Given this, the only way that the Department could enforce section 13½ would be by ignoring section 5's two-year filing period and proceeding immediately against the corporation, then the officers or employees in the hope that it might be able to obtain judgment before the two-year period under section 13½ expired. Defendants' interpretation would thus reduce section 5's two-year filing period to a nullity, violating the principle that a court may not read a statute so as to render any part inoperative, superfluous or insignificant. *Bauer v. H. H. Hall Construction Co.* (1986), 140 Ill. App. 3d 1025, 1028, 489 N.E.2d 31, 33.

In addition, given the realities of most court calendars today, we doubt whether the Department would ever be able to make its case against the corporation and then obtain judgment against the officers or employees all within a two-year period. This is particularly so considering the absence of any statute or court rule requiring that the disposition of retailers' occupation tax cases be given priority by our circuit courts. Thus, the defendants' interpretation would also contravene the policy of our supreme court to give statutes relating to the collection of taxes a common-sense meaning so as to avoid making collection difficult or impossible. *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 575, 369 N.E.2d 1279, 1282.

A common-sense interpretation proffered by the Department which does not suffer from these infirmities is that, like section 5, section 13½ requires only that an action against the officers or employees of a dissolved corporation be instituted within two years of the specified dates. This construction of the statute is in complete harmony with section 5 and would not restrict the limitations period of that provision. The Department could receive the benefit of the full statutory period under section 5 while preserving its rights to proceed against the corporate officers and employees under section 13½ simply by filing its respective claims simultaneously, as was done here. Correspondingly, there would be no undue burden on the Depart-

ment's ability to collect unpaid retailers' occupation taxes from the liable officers or employees, and the legislature's purposes would in no way be thwarted. Moreover, this construction conforms to the basic rule in Illinois that the filing of suit terminates the running of the statute of limitations. *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 75, 387 N.E.2d 831, 845.

The parenthetical phrase regarding "liability already reduced to judgment" does not defeat this construction. That phrase is necessary because, as we have found, the 1981 amendment's two-year limitations period pertains only where the corporation has been dissolved, while there is no limitations period for actions against corporate officers or employees under section 13½ where the corporation still exists. The purpose of the phrase is to account for this distinction. It simply clarifies that officers or employees will remain liable for a corporation's unpaid retailers' occupation tax after the corporation dissolves even if suit were commenced against them more than two years after the date of the events giving rise to liability where that suit was filed and judgment was entered thereon while the corporation remained in existence.

■■ ■ Where, as here, more than one construction can be placed upon a statute, a court should select the construction which leads to a logical result and avoid that which would be absurd. (*People v. Mullinex* (1984), 125 Ill. App. 3d 87, 89, 465 N.E.2d 135, 137.) For the reasons set forth above, we believe that the only reasonable and logical interpretation of the 1981 amendment to section 13½ is the one proffered by the Department. Considering the statute as a whole, the language used and the objective which the legislature sought to accomplish, we therefore hold that a suit for collection of unpaid retailers' occupation taxes against a corporation's officers or employees filed after the corporation has been dissolved will be timely under the 1981 amendment to section 13½ if it is instituted within two years of the date of the events enumerated in the statute. There is no dispute that the Department's suit against the corporate officer defendants here was timely under this interpretation of the law. Accordingly, the circuit court erred in granting summary judgment in favor of the corporate officer defendants and against the Department. Its judgment of May 9, 1985, is therefore reversed, and the cause is remanded for further proceedings.

In view of this disposition, the issue of whether the 1981 amendment to the statute is to be applied retroactively need not be addressed.

Reversed and remanded.

WELCH, J., concurs.

JUSTICE JONES, dissenting:

I respectfully dissent.

In construing the limitations provision of section 13½, the majority has substituted its own interpretation of what section 13½ should say for what it actually does say. The majority reads the language of section 13½ limiting the liability of corporate officers to that "already reduced to judgment" within two years to mean liability that is claimed *in a suit instituted* within two years. The majority has thus, at the Department's suggestion, effectively rewritten the statute, something it is manifestly without authority to do.

While a statute should be interpreted to ascertain and give effect to legislative intent, the best indication of this intent is the language which the legislature voted to adopt. (*People v. Murphy* (1985), 108 Ill. 2d 228, 483 N.E.2d 1288; *Coryn v. City of Moline* (1979), 71 Ill. 2d 194, 374 N.E.2d 211.) As stated in *Waste Management of Illinois, Inc. v. Environmental Protection Agency* (1985), 137 Ill. App. 3d 619, 627, 484 N.E.2d 1128, 1133:

"If the statutory language is certain and unambiguous, the proper function of the court is to enforce the statute as enacted. [Citation.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. [Citations.]"

The statutory language here at issue plainly refers to obtaining judgment against corporate officers rather than instituting suit against them. Indeed, the majority concedes that under the "literal language" of the limitations provision, corporate officers and employees would not be liable unless their liability were reduced to judgment within the specified two-year period. The majority concludes, however, that this provision should not be effected as written because it would yield contradictory and unworkable results in light of the two-year statute of limitations for filing suit against the corporate taxpayer. Contrary to the majority's assertion, giving literal effect to the limitations provision of section 13½ would not render the two-year filing period of section 5 a nullity. The Department merely would not be able to take full advantage of the two-year period for filing suit against the corporation if it expected to collect such taxes from the officers personally. The two-year period for proceeding against a corporate taxpayer would remain unaffected, with the requirement of

section 13½ providing a further limitation if the Department wished to proceed against the officers and employees as well.

The majority's concern with the practical difficulty of enforcing the statute as written is not well taken. While the statute contemplates a two-step procedure in which judgment would be entered against the corporation before the liability of corporate officers could be determined, in actual practice the Department would file suit against both the corporation and its officers simultaneously, and where, as here, the corporation had been dissolved, judgment could be entered against the officers shortly after determination of the liability of the corporate taxpayer. (See *Department of Revenue v. Joseph Bublick & Sons, Inc.* (1977), 68 Ill. 2d 568, 369 N.E.2d 1279 (section 13½ does not require that collection action be instituted against corporate taxpayer prior to attachment of liability to responsible officer or employee).) It would thus be entirely possible for the Department to obtain judgment against both the corporation and its officers within the specified time period, even though the Department could not delay until the two-year period had largely passed before beginning the collection action.

While the majority cites the rule of statutory construction that a court may not read a statute so as to render any part inoperative, superfluous or insignificant (*Bauer v. H. H. Hall Construction Co.* (1986), 140 Ill. App. 3d 1025, 489 N.E.2d 31), the majority by its holding simply ignores the meaning and effect of the parenthetical language of section 13½ requiring that the liability of corporate officers be reduced to judgment within the specified time period. The majority attempts to explain this language as part of a distinction between corporate officers' liability for taxes of an existing or dissolved corporation and states that this language refers to judgments that may have been entered against the officers prior to dissolution of the corporate taxpayer. This analysis appears strained and nonsensical. Even if, as the majority surmises, the two-year limitations period added by amendment to section 13½ did not apply to collection actions in which judgment was entered while the corporation was in existence, there would have been no need to refer to such judgments in the limitations provision of section 13½, as this provision certainly would not affect an officer's liability that had already been reduced to judgment. I believe, therefore, that the majority has unnecessarily distorted the plain language of the statute and has violated the principle that all parts of a legislative enactment be given effect where possible.

A comparison of the parenthetical language of section 13½ requiring that an officer's liability be "reduced to judgment" within two

years with the limitations provision of section 5 requiring that a collection action "shall be instituted" against a corporate taxpayer within two years reveals that the legislature knew how to write an ordinary statute of limitations and simply chose not to do so in the case of liability of corporate officers and employees. Thus, the majority has thwarted the intention of the legislature in construing the limitations provision of section 13½ as an ordinary statute of limitations that is tolled by filing suit. While the requirement of section 13½ that judgment be obtained against corporate officers within the specified period is somewhat unusual, it is not so contradictory or unreasonable as to warrant the majority in interpreting the provision in a way deemed by it to be more in harmony with the statutory scheme.

It should be noted, moreover, that section 13½ has been amended on two occasions since the addition of the limitations provision here at issue, and on neither occasion did the legislature remove the requirement that judgment be obtained against corporate officers by the end of the limitations period. Indeed, in its most recent amendment, effective September 1, 1985, the legislature extended the time for obtaining such judgment from two to three years, without altering the requirement that the officers' liability be "reduced to judgment" within that period. (See Ill. Rev. Stat. 1985, ch. 120, par. 452½.) It appears, therefore, that the legislature considered this provision in reenacting it and saw no need to change it in the way the majority has held. See *City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E.2d 492 (subsequent amendments to a statute may be used in ascertaining legislative intent).

For these reasons I would hold that the trial court correctly applied the statute as written and affirm its ruling that the Department's action against the individual defendants was barred because judgment had not been obtained against them within the time provided by statute.