DONALD J. MOON, Petitioner-Appellant, v. ROY M. ROLSON *et al.*, Respondents-Appellees.

First District (5th Division)   No. 1—89—0707

Opinion filed September 22, 1989.

Harry J. Smith, Jr., of River Grove, for appellant.

John B. Murphey, of River Grove, for appellees Roy M. Rolson, George C. Michehl, John C. Kingsmill, and Robert C. Graff.

Storina, Ramello & Durkin, of Des Plaines, for other appellees.

JUSTICE PINCHAM delivered the opinion of the court:

The subject of this appeal is an order of the circuit court of Cook County affirming decisions of the Township Officers Electoral Board of Leyden Township (Board), which denied the objections of petitioner, Donald J. Moon, to the nomination papers filed by nine candidates selected at the Republican Party Caucus of Leyden Township to run for local offices in the consolidated election on April 4, 1989. In each instance, petitioner's objection had been that the nomination papers were insufficient at law, because they had not been certified by the chairman of the central committee of the Republican Party of Leyden Township. Respondents Angelo Saviano, Diane R. Bluthardt, William R. Kloss, Carl Fiorito, Benjamin J. Brezezinski, George C. Michehl, Dorothy C. Klein, Al J. Biancalana and Larry Hanczar, respectively, were the candidates selected to run for the offices of supervisor, clerk, highway commissioner, collector and assessor, and for four positions of trustee. The issue for review is whether the trial court erroneously affirmed the decision of the Board.

At the hearing before the Board, Mark Stephens testified that when Elmer Conti died on January 4, 1988, the Cook County Republican Party appointed his father, Donald E. Stephens, Republican committeeman of Leyden Township. On January 6, 1989, Donald E.

Stephens suffered congestive heart failure and was hospitalized. Three days later, Mark observed his father sign a document appointing Angelo Saviano to replace him as chairman for the party caucus to be held the following day.

Angelo Saviano testified that he had been a member of the Leyden Township Republican organization since 1985. He further testified that when Elmer Conti died on January 4, 1988, Donald E. Stephens was appointed by the Cook County Republican Party to succeed Conti. When Stephens became ill, Saviano was appointed chairman to execute all necessary documents and to preside at the party caucus being held on January 10, 1989. On January 9, 1989, Saviano received a letter from the chairman of the Cook County Republican Party appointing Saviano as temporary chairman and committeeman to replace Stephens. On January 10, 1989, Saviano presided at the caucus. Registered voters who participated at the caucus then signed voters' affidavits, adopted rules of procedure and unanimously nominated certain candidates of the Republican Party to run for township offices in the consolidated election to be held on April 4, 1989. Thereafter, Saviano, acting as committeeman, and the secretary of the caucus certified the nominations by signing the certificates of nomination and filing them with the township clerk.

Donald J. Moon testified that he was a registered voter and filed objections to the nomination papers of the nine candidates because the certificates were not signed by Donald E. Stephens, the Republican committeeman, but by Angelo Saviano.

■ We must now determine if the trial court properly denied the petitioner's objections to the nomination papers filed by the nine respondents who were candidates in the consolidated election of April 4, 1989, in Leyden Township. More specifically, we must determine if the certificates of nomination by caucus were properly signed by the chairman of the Leyden Township central committee of the Republican Party. It is well settled that in construing statutory provisions, the judicial role is to ascertain the intent of the legislature and give it effect. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 340-41, 473 N.E.2d 1313.) In determining that intent, the court should consider not only the language used in the statute, but the reason and necessity for the law and the wrongs to be remedied. (*United Citizens v. Coalition to Let the People Decide in 1989* (1988), 125 Ill. 2d 332, 339, 531 N.E.2d 802.) The court should construe statutes to provide a logical result and avoid one which the legislature could not have intended. *Orbach v. Axelrod* (1981), 100 Ill. App. 3d 973, 978, 427 N.E.2d 379.

The rules governing elections in Illinois are found in the Election Code, which sets forth when elections are to be held, qualifications and registration of voters, the process by which candidates are nominated to office and the procedure to contest nominations. (Ill. Rev. Stat. 1987, ch. 46, par. 1—1 *et seq.*) In relevant part, section 10—1 of the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 10—1) provides:

"[A]ny convention, caucus or meeting of qualified voters of any established political party as herein defined may make one nomination for each office therein to be filed at any election, for officers of a municipality with a population of less than 5,000, by causing a certificate of nomination to be filed with the municipal clerk no earlier than 78 and no later than 71 days before the election at which such nominated candidates are to be on the ballot. \*\*\* Every such certificate of nomination shall state such facts as are required in Section 10—5 of this Article, and shall be signed by the presiding officer and by the secretary of the convention, caucus or meeting, who shall add to their signatures, their places of residence. Such certificates shall be sworn to by them to be true to the best of their knowledge and belief, and a certificate of the oath shall be annexed to the certificate of nomination." Ill. Rev. Stat. 1987, ch. 46, par. 10—1.

Section 6A—1 of the Township Law of 1874 (Ill. Rev. Stat. 1987, ch. 139, par. 59a), as set forth below, contains similar provisions for filing nomination papers by township central committees for candidates selected by party caucuses:

"The township central committee shall canvass and declare the result of such caucus. The chairman of the township central committee shall not more than 78 nor less than 71 days before the township election, file nomination papers as hereinafter provided. Such nomination papers shall consist of (1) a certification by the chairman of the township central committee of the names of all candidates for office in the township nominated at the caucus, (2) a statement of candidacy by each candidate in the form prescribed in the general election law. Such nomination papers shall be filed in the office of the clerk of the township \*\*\*." Ill. Rev. Stat. 1987, ch. 139, par. 59a.

In the instant matter, petitioner argues that the nomination papers were insufficient at law because they were certified by Angelo Saviano, who was not the committeeman for the Republican Party of Leyden Township and could not have been chairman of the township central committee. Our review of the record leads us to con-

clude that petitioner's contentions are without merit. We first observe that the Election Code provides for uniformity in elections and supersedes other statutes with regard to election procedures. (*United Citizens v. Coalition to Let the People Decide in 1989* (1988), 125 Ill. 2d 332, 339, 531 N.E.2d 802.) The evidence presented before the Board established that when the committeeman for the Republican Party of Leyden Township was stricken with congestive heart failure, Angelo Saviano was appointed as his temporary replacement to preside at the party caucus on the following day. Pursuant to that appointment, Saviano chaired the caucus meeting, where he and eight other candidates were nominated for various local offices. Saviano and the caucus secretary signed those papers under oath and filed them with the township clerk.

As we have heretofore indicated, section 10—1 of the Election Code requires the presiding officer and secretary of the caucus to certify nomination papers under oath. The nomination papers filed herein satisfied that statutory requirement, in that they were signed under oath by the presiding officer and secretary of the caucus and filed with the township clerk. Further, under the circumstances, the appointment of Saviano as chairman and committeeman shows that there was substantial compliance with the requirements of section 6A—1 of the Township Law.

In reaching our determination, we are constrained to consider the surrounding circumstances. Also, should we apply petitioner's construction of the pertinent statutes we would obtain an anomalous result which would cause considerable confusion and defeat the legislative purpose.

As to petitioner's remaining contention, that the failure of the participants at the caucus to sign affidavits rendered the caucus invalid, we observe that this issue was not presented before the Board or trial court. Thus, we believe it was waived for purposes of review. *Harbor Insurance Co. v. Arthur Andersen & Co.* (1986), 149 Ill. App. 3d 235, 240, 500 N.E.2d 707.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MURRAY, P.J., and LORENZ, J., concur.