GORDON McCANN, Plaintiff-Appellant, v. TED PRESSWOOD, d/b/a Ted Presswood Weed Cutting Service, Defendant-Appellee.

Fourth District   No. 4—99—0423

Argued October 13, 1999.—Opinion filed December 8, 1999.

Jack C. Vieley (argued), of Bloomington, for appellant.

Barbara B. Collins (argued), of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

In November 1998, plaintiff, Gordon McCann, filed an amended complaint against defendant, Ted Presswood, d/b/a Ted Presswood Weed Cutting Service, alleging two counts of common-law negligence and two counts of intentional misconduct. Defendant moved to strike, arguing plaintiff's complaint improperly sought punitive damages in violation of section 2—604.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2—604.1 (West 1994)). In May 1999, the trial court dismissed plaintiff's intentional misconduct counts with prejudice, and plaintiff voluntarily dismissed the remaining counts. Plaintiff appeals, arguing the trial court erred by dismissing the intentional misconduct counts. We affirm.

In June 1998, plaintiff filed a four-count complaint against defendant for property damage. According to the complaint, the City of Lincoln hired defendant, as an independent contractor, to cut grass growing on two pieces of property owned by plaintiff.

Counts I and II addressed defendant's conduct at the first prop-

erty. Both counts were identical except plaintiff predicated count I on a common-law negligence theory and count II on a willful and wanton theory. Counts I and II alleged defendant, while operating his mowing equipment, damaged an automobile, cracked and scraped the sidewalk, tore branches off a pine tree, broke a window, chipped the foundation of the home, damaged landscaping timbers, destroyed a pair of tennis shoes and a swimming pool liner, ran over a compost pile, and "crush[ed] tender turf."

Counts III and IV addressed defendant's conduct at the second property. Again, both counts were identical except plaintiff predicated count III on a common-law negligence theory and count IV on a willful and wanton theory. Counts III and IV alleged defendant damaged a building foundation, destroyed evergreens and a maple tree, ruined an embankment, and "crush[ed] tender turf."

Each count of the complaint contained a separate prayer for relief. In counts I and III, plaintiff requested $15,000 in actual damages. However, in counts II and IV, plaintiff requested "$15,000 in actual damages and *** $45,000 for punitive damages plus costs of suit." In July 1998, defendant moved to strike, arguing plaintiff improperly requested punitive damages without leave of the court as required under section 2—604.1 of the Code. The docket-sheet entry indicates that, in November 1998, the trial court dismissed plaintiff's complaint with leave to refile.

Also in November 1998, plaintiff filed an amended complaint. Plaintiff's amended complaint essentially contained the identical language of the original complaint except plaintiff now predicated counts II and IV on an intentional misconduct theory rather than a willful and wanton theory. Again, plaintiff requested punitive damages in counts II and IV.

In December 1998, plaintiff filed a motion to strike, again arguing plaintiff violated section 2—604.1 of the Code by filing a complaint requesting punitive damages. In May 1999, plaintiff filed a response, arguing section 2—604.1 did not apply because he based counts II and IV on an intentional misconduct theory rather than negligence. Therefore, plaintiff argued, he could properly request punitive damages.

In May 1999, the trial court granted plaintiff's motion to voluntarily dismiss counts I and III with leave to refile. The trial court also entered an order dismissing counts II and IV with prejudice, finding plaintiff violated section 2—604.1 by requesting punitive damages in his amended complaint. The court further noted that, in addition to plaintiff's failure to make a pretrial motion seeking the court's permission to add a claim for punitive damages under section 2—604.1,

plaintiff "declined [the] [c]ourt's offer to hold a hearing regarding whether sufficient facts exist[ed] to warrant addition of a claim for punitive damages." Plaintiff then filed the instant appeal.

■ Section 2—604.1 of the Code states in relevant part:

"In *all actions* on account of bodily injury or physical damage to property, *based on negligence,* or product liability based on strict tort liability, where punitive damages are permitted *no complaint shall be filed containing a prayer for relief seeking punitive damages.* However, a plaintiff may, pursuant to a pretrial motion and after a hearing before the court, amend the complaint .to include a prayer for relief seeking punitive damages." (Emphasis added.) 735 ILCS 5/2—604.1 (West 1994).

■ Statutory construction is a matter of law and is considered *de novo. Branson v. Department of Revenue,* 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995). The principal rule of statutory construction is to ascertain and give effect to the legislature's intent. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.,* 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994). To determine the legislature's intent, courts first look to the statute's language. *Zekman v. Direct American Marketers, Inc.,* 182 Ill. 2d 359, 368-69, 695 N.E.2d 853, 858 (1998). Courts accord the statute's language its plain and commonly understood meaning. *R.L. Polk & Co. v. Ryan,* 296 Ill. App. 3d 132, 140, 694 N.E.2d 1027, 1033 (1998). If possible, courts must give effect to every word, clause, and sentence and may not read a statute so as to render any part inoperative, superfluous, or insignificant. *Bauer v. H.H. Hall Construction Co.,* 140 Ill. App. 3d 1025, 1028, 489 N.E.2d 31, 33 (1986). Courts must not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express. See *Kraft, Inc. v. Edgar,* 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990).

■ ■ Section 1—106 of the Code requires that we construe the Code liberally. 735 ILCS 5/1—106 (West 1998). The legislature enacted section 2—604.1 of the Code to discourage plaintiffs from seeking and receiving punitive damage awards. See *Spires v. Mooney Motors, Inc.,* 229 Ill. App. 3d 917, 919, 595 N.E.2d 225, 226 (1992). Illinois courts have consistently held that punitive damages are disfavored at law and are generally inappropriate absent evidence of outrageous conduct or acts committed with malice or a reckless indifference toward the rights of others. See, *e.g., Loitz v. Remington Arms Co.,* 138 Ill. 2d 404, 414, 563 N.E.2d 397, 401 (1990); *Tucker v. Illinois Power Co.,* 232 Ill. App. 3d 15, 30, 597 N.E.2d 220, 231 (1992).

■ Here, plaintiff clearly sought punitive damages on a complaint based, in part, on negligence. Plaintiff argues that while counts II and

IV (intentional misconduct) contained prayers for punitive damages, counts I and III (negligence counts) contained no such prayer, and therefore section 2—604.1 does not apply. We disagree. Whether counts I and III contained a prayer for punitive damages is irrelevant to our analysis. Section 2—604.1 speaks of the entire *action* and does not narrowly restrict punitive damages requests in all *counts* based on negligence but, rather, in all *complaints* based on negligence. Construing the Code liberally and in view of the strong policy considerations against punitive damages, we find section 2—604.1 applies and precludes plaintiffs from requesting punitive damages on the face of any complaint based, even in part, on negligence.

Plaintiff's complaint uses the term "negligence" in the strict "ordinary negligence" sense. We are mindful that punitive damages are not generally available for acts of ordinary negligence. See *Loitz*, 138 Ill. 2d at 415, 563 N.E.2d at 402. Further, we agree with the first district's finding in *Stojkovich v. Monadnock Building*, 281 Ill. App. 3d 733, 741, 666 N.E.2d 704, 710 (1996), that section 2—604.1 does not operate to allow punitive damages for ordinary negligence but, rather, speaks of "negligence" in the generic sense, referring to acts such as willful and wanton misconduct. As the court noted in *Stojkovich*, 281 Ill. App. 3d at 741, 666 N.E.2d at 710, the difference between ordinary negligence and willful and wanton misconduct is often one of slight degree.

We hold section 2—604.1 precludes plaintiffs from requesting punitive damages on the face of any complaint based, even in part, on a negligence theory. Such plaintiffs may, upon leave of court and in accordance with section 2—604.1, amend their complaint to seek punitive damages upon a showing of facts sufficient to support a punitive damages award (*e.g.*, evidence of willful and wanton misconduct, malice, or reckless indifference).

Plaintiff raises no argument as to whether the trial court should have stricken plaintiff's punitive damages requests rather than dismiss counts II and IV with prejudice. In any event, we find no abuse of discretion, especially considering plaintiff's repeated disregard of section 2—604.1 and his refusal of the trial court's offer to conduct a hearing to determine whether sufficient facts existed to support a punitive damages claim.

■ Finally, plaintiff questions whether section 2—604.1 of the Code remains valid in light of our supreme court's decision in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 689 N.E.2d 1057 (1997). Plaintiff correctly notes section 2—604.1 was amended by Public Act 89—7 (Pub. Act 89—7, § 15, eff. March 9, 1995 (1995 Ill. Laws 284, 289)), as part of the legislature's attempt to reform tort claims. 735

ILCS 5/2—604.1 (West 1998). In *Best,* our supreme court struck down Public Act 89—7 in its entirety. *Best,* 179 Ill. 2d at 467, 689 N.E.2d at 1104.

We note plaintiff failed to raise this issue prior to oral argument. Arguments neither raised nor advanced in plaintiff's brief, but instead raised for the first time at oral argument, are generally forfeited under Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)). See also *People v. Stewart,* 121 Ill. 2d 93, 105, 520 N.E.2d 348, 354 (1988). However, even if we were to reach the merits of plaintiff's claim, we would conclude it lacks merit. Assuming *Best* vitiates Public Act 89—7, it is well settled that the effect of an unconstitutional statutory amendment is to leave the statute in force as it existed prior to the amendment. *People v. Gersch,* 135 Ill. 2d 384, 390, 553 N.E.2d 281, 283 (1990); *People v. Wilson,* 295 Ill. App. 3d 228, 240, 692 N.E.2d 422, 430 (1998). The amendment under Public Act 89—7 was minor, merely substituting "any theory or doctrine" for "strict tort liability." Pub. Act 89—7, § 15, eff. March 9, 1995 (1995 Ill. Laws at 289). Thus, the amendment related to actions predicated under a product liability theory, which is not the case here. We therefore conclude that, even under the preamended version of section 2—604.1 (735 ILCS 5/2—604.1 (West 1994)), our analysis would remain unchanged.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.