JOHN MICHAEL DUGAN, Petitioner-Appellant and Cross-Appellee, v. THE COOK COUNTY OFFICERS ELECTORAL BOARD *et al.*, Respondents-Appellees (Herbert G. Lowinger, Objector-Appellee and Cross-Appellant).

First District (3rd Division)   No. 88—306

Opinion filed February 9, 1988.

WHITE, P.J., dissenting.

John M. Dugan, of Chicago, appellant *pro se.*

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Lawrence T. Krulewich, Assistant State's attorneys, of counsel), for appellees Cook County Officers Electoral Board, Stanley T. Kusper, Jr., and Michael E. Shabat.

Burton S. Odelson, of Evergreen Park, for appellee Herbert G. Lowinger.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff John Michael Dugan (Dugan) appeals from a judgment of the circuit court of Cook County affirming an administrative decision of the defendant, Cook County Officers Electoral Board (Board), invalidating the nominating petitions of Dugan as a candidate for the office of judge of the circuit court of Cook County. Defendant Herbert G. Lowinger (Lowinger) cross-appeals the circuit court's denial of his request for attorney fees. On appeal, Dugan argues that (1) the objector's petition, filed by Lowinger, was invalid because it was not properly filed; (2) the absence of Morgan M. Finley from the Board meeting created a vacancy thereby invalidating the actions of the Board in reviewing Dugan's petitions; and (3) even if the objector's petition is not stricken, the 487 valid signatures Dugan obtained demonstrate substantial compliance with section 7—10(h) of the Election Code. (Ill. Rev. Stat. 1985, ch. 46, par. 7—10(h).) In his cross-appeal, Lowinger argues that the trial court erred in denying his request for attorney fees. We affirm in part and reverse in part.

On December 7, 1987, Dugan filed his nominating petitions for the office of judge of the circuit court of Cook County to fill the vacancy of Allen F. Rosin. Pursuant to section 7—12(1) of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 7—12(1)), which requires that petitions for judgeships be filed in the principal office of the State Board of Elections, Dugan filed his petitions in Springfield, Illinois. On December 21, 1987, the last day for objector's petition to be filed, Lowinger filed his objector's petitions to be filed, Lowinger filed his objector's petition to Dugan's nominating petitions at 4:55 p.m. in the branch office of the State Board of Elections in Chicago, Illinois. Lowinger's petition was first received in Springfield on December 22, 1987, at approximately 9:30 a.m.

The Board, which is the body that conducts hearings on the validity of objectors' petitions and nominating petitions of candidates, is composed of three members: Stanley T. Kusper, Jr., Morgan M. Finley and Richard M. Daley by Michael E. Shabat. At the hearing on Lowinger's objector's petition, however, only Stanley T. Kusper, Jr., and Richard M. Daley by Michael E. Shabat were present. No explanation was given as to why Morgan M. Finley did not appear.

During the hearing Dugan argued that Lowinger did not comply with the statute in filing his objector's petition because it was not timely filed in the principal office of the State Board of Elections. Fol-

lowing oral arguments and the presentation of evidence, the Board found that (1) the objection to the nominating petitions of Dugan was duly filed; (2) the use of the word "or" in section 10—8 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 10—8) provides the objector with a choice of places to file objections; (3) the objections made against Dugan's nominating petitions were valid and sustainable; and (4) Dugan's petitions contained only 487 valid signatures. By statute, 500 signatures are required to be a candidate for the office of judge of the circuit court. (Ill. Rev. Stat. 1985, ch. 46, par. 7—10(h).) Based upon its decision, the Board removed Dugan's name from the ballot as a candidate for the office of judge of the circuit court of Cook County to fill the vacancy of Allen F. Rosin.

Dugan appealed the Board's decision to the circuit court of Cook County. On administrative review, the circuit court affirmed the decision of the Board. This appeal followed.

Dugan first argues that Lowinger's objector's petition was invalid because it was not properly filed within the statutory time limit. We agree.

This is a case of first impression. We believe that resolution of this issue depends upon the interpretations given to sections 10—8 and 7—12(1) of the Election Code. (Ill. Rev. Stat. 1985, ch. 46, pars. 10—8, 7—12(1).) Section 10—8 provides in part:

> "Certificates of nomination and nomination papers *** shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for filing the certificate of nomination or nomination papers ***.
> * * *
> Any legal voter of the political subdivision or district in which the candidate or public question is to be voted on *** having objections to any certificate of nomination or nomination papers or petitions filed, *shall file an objector's petition together with a copy thereof in the principal office or the permanent branch office of the State Board of Elections, or in the office of the election authority or local election official with whom the certificate of nomination, nomination papers or petitions are on file.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 46, par. 10—8.)

Section 7—12(1) provides in part:

> "All petitions for nominations shall be filed by mail or in person as follows:
> 1. Where the nomination is to be made for a State, congressional, or *judicial office,* *** then such *petition for nomination*

*shall be filed in the principal office of the State Board of Elections* not more than 99 and not less than 92 days prior to the date of the primary \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 46, par. 7—12(1).

The Board argues that under the plain meaning of section 10—8, the objector's petition was properly filed at the permanent branch office of the State Board of Elections. It is the Board's interpretation of section 10—8 that an objector's petition may be filed in any office of the State Board of Elections rather than only where the nominating petitions must be filed. Any other interpretation, according to the Board, would leave the additional language of "or the permanent branch office of the State Board of Elections" superfluous and devoid of application. We cannot accept this position.

■ The fundamental role of a court in construing a statute is to ascertain the intent of the legislature and effectuate it accordingly. To determine legislative intent, the court will examine the entire statutory provision and attempt to identify the statutory objective. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 341, 473 N.E.2d 1313, 1315.) The court must also choose a construction which gives the statute a clear and logical meaning rather than a meaning which renders it illogical, useless, or unreasonable. *People v. Raseaitis* (1984), 126 Ill. App. 3d 600, 604, 467 N.E.2d 1098, 1102.

■ The entire Election Code provides strict rules and regulations as to where nominating petitions are to be filed for various elective offices. We believe that the drafters of section 10—8 intended the language "or the permanent branch office of the State Board of Elections" to apply to nominating petitions for elective offices that are properly filed in offices other than the principal office of the State Board of Elections. We are guided in this belief by the requirement of section 7—12(1) that candidates for judicial office must file their nominating petitions in the principal office of the State Board of Elections. In enacting provisions of the Election Code, we believe that the legislature intended to treat persons filing nominating petitions for office and persons filing nominating petitions for office and persons filing objections to nominating petitions equally. Thus, it is illogical and unreasonable to require candidates for judicial offices to be restricted to filing their nominating petitions in the principal office, and yet allow objectors to a judicial candidate's nominating petitions to file their objection petitions either in the principal office or in the permanent branch office. Therefore, based upon our interpretation of the statute, we find that in order for objection petitions to be properly filed, they must be filed in the same place where the nominating petitions were filed.

■ Having determined that the objector's petition must be filed where the nominating petitions were filed, we now address whether Lowinger's objector's petition was timely filed. The statute provides that for an objector's petition to be valid, it must be "duly made in writing within 5 business days after the last day for filing the *** nomination papers." (Ill. Rev. Stat. 1985, ch. 46, par. 10—8.) Here, for Lowinger's objector's petition to be duly filed, it must have been filed in the State Board of Elections' principal office by December 21, 1987.

According to the record, Lowinger filed his objector's petition in the Chicago branch office of the State Board of Elections on December 21, 1987, at approximately 4:55 p.m. However, the petition was not received in the principal office located in Springfield until the following day, December 22, 1982, at 9:30 a.m. Therefore, pursuant to section 10—8 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 10—8), Lowinger's objector's petition is invalid because it was not timely filed. As a result, Dugan's nominating petitions as filed must remain unchallenged.

Based upon our disposition of this case, we need not address the merits of the remaining issues raised on appeal, and we affirm the trial court's denial of Lowinger's request for attorney's fees.

Accordingly, the judgment of the circuit court affirming the decision of the Board invalidating the nominating petitions of Dugan is reversed. The trial court's denial of Lowinger's request for attorney fees is affirmed.

Affirmed in part; reversed in part.

FREEMAN, J., concurs.

PRESIDING JUSTICE WHITE, dissenting:

John Michael Dugan sought nomination to be the Democratic candidate for circuit court judge and on December 7, 1987, filed petition for nomination in the principal office of the State Board of Elections in Springfield. Herbert G. Lowinger filed an objector's petition to the Dugan nomination petition at the permanent branch office of the State Board of Elections in Chicago. The Cook County Officers Electoral Board (Board) denied Dugan's motion to strike the objections to his nomination papers, sustained the objections and removed Dugan's name from the ballot. The circuit court affirmed the Board's decision and Dugan appeals.

Dugan argues that "the objector's failure to file his objections *** in the principle [sic] office of the State Board of Elections should result

in the finding that the Objector's Petition was not properly filed *** in the proper location required by the Statute." The filing of objections to nomination papers has for years been governed by section 10—8 of the Election Code, the relevant portions of which at the time of the filings in the instant case read as follows:

"Any legal voter of the political subdivision or district in which the candidate or public question is to be voted on, or any legal voter in the State in the case of a proposed amendment to Article IV of the Constitution *or* an advisory public question to be submitted to [all of] the voters of the entire state, having objections to any certificate of nomination or nomination papers or petitions filed, shall file an objector's petition together with a copy thereof in the principal office or the permanent branch office of [with] the State Board of Elections, or in the office of the election authority or local election official with whom the certificate of nomination, nomination papers or petitions are on file." (Ill. Rev. Stat. 1985, ch. 46, par. 10—8.)

Additions to the statute made by the 81st General Assembly in 1980 are indicated by underline and deletions by strikeout.

Section 10—8 states that an objector's petition should be filed with either (1) the State Board of Elections or (2) "the election authority or local election official with whom the *** nomination papers or petitions are on file." The 1980 amendment spells out that objections may be filed "in the principal office or the permanent branch office of the State Board of Elections." (Ill. Rev. Stat. 1985, ch. 46, par. 10—8.) This clarification was appropriate in view of the provisions of section 7—12 of the Election Code which require that nomination papers be filed with the State Board of Elections at the principal office. (Ill. Rev. Stat. 1985, ch. 46, par. 7—12(1).) Here, the objections were filed in the permanent branch office in Chicago. Despite the plain wording of section 10—8 as amended permitting such filing, Dugan contends that the filing there was not proper and that the objections should have been filed at the principal office in Springfield, where he filed his nominating petitions.

It is difficult to follow Dugan's argument urging us to interpret section 10—8 as not permitting objections to be filed in the permanent branch office of the State Board of Elections when the statute expressly provides that it may be done. Somehow the argument hinges on the phrase at the end of the section, "with whom the *** nomination papers or petitions are on file." The punctuation of section 10—8 in the Election Code used in the above citation, and the placement of the commas lead us to believe the phrase applies only to the election

authority and local election officer. However, such reading of the statute is not required for our holding. As the Cook County officers correctly state in their brief:

> "In the instant case, it is clear from the plain language of the statute that objections to the petitioner's nominating petition could be filed with the State Board of Elections, at their principal office or at their permanent branch office. Since they were filed at the permanent branch office of the State Board, as provided by statute, they were filed at a proper location.
>
> The language of the statue does not require that the objections be filed *where* the nomination papers are on file, as petitioner argues. Instead, it requires that the objection be filed 'with whom' the nomination papers are on file. The 'whom' in the present case is the State Board of Elections. It was with the State Board of Elections that the objections were filed."

The ruling of the State Board of Elections was consonant with the plain words of the statute, and since the statute is clear and unambiguous, we need not advert to the construction placed upon it by the office or officer charged with its implementation. However, in the construction of a statute, the construction placed on it by offices or departments charged with the duty of applying or executing it has been variously described as entitled to great weight (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 500, 217 N.E.2d 73, *appeal dismissed* (1967), 385 U.S. 456, 17 L. Ed. 2d 509, 87 S. Ct. 612); as persuasive (*Gonzales-Blanco v. Clayton* (1982), 110 Ill. App. 3d 197, 206, 441 N.E.2d 1308); and as a substantial factor in the court's construction of the statute (*Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 550, 370 N.E.2d 1198, *cert. denied* (1978), 439 U.S. 926, 58 L. Ed. 2d 318, 99 S. Ct. 309). I find no basis here for deviating from the State Election Board's interpretation of the Election Code, and I hold with it and the circuit court that the objector's petition was properly filed.

The objector's petition alleges that Dugan's nomination papers "contain less than 500 valid signatures and therefore fall below the minimum required pursuant to the Illinois Election Code." A call was issued to the Cook County Officers Electoral Board for a hearing and to pass upon the objections to Dugan's nomination petition. That board in addition to denying Dugan's motion to strike the objector's petition, as discussed above, ordered removal of Dugan's name from the ballot for failure of the nominating petitions to meet the mandatory minimum number of signatures as required by law. Dugan does not contest the Board's finding that his petitions contained only 487 valid signatures, but argues that this should be considered substantial compliance

with the statutory requirement of 500 signatures (Ill. Rev. Stat. 1985, ch. 46, par. 7—10(a)), and challenges the correctness of the Board's ruling on that basis. No authority has been presented for accepting anything less than the statutory minimum number of signatures as sufficient. Indeed, to do so would open the question of the sufficiency of nominating petitions to endless unnecessary harangue. As said by the court in *Bowe v. Board of Election Commissioners* (7th Cir. 1980), 614 F.2d 1147, 1151 n.7:

> "[T]he legitimate interests of the state are served in a reasonable manner by removing from the ballot those who fail to meet the minimum requirement. If the minimum requirement itself is valid, then the state's interests are served by removing offending candidates from the ballot, because they have by definition not demonstrated a significant modicum of *valid* support." (Emphasis in original.)

Dugan's argument that 487 signatures complied with a statute requiring 500 signatures is patently without merit.

Equally meritless is his argument that the findings and order of the Cook County Officers Electoral Board should be reversed because Morgan M. Finley, clerk of the circuit court of Cook County, did not appear at the hearing on the objection to his petitions. He claims this created a vacancy, which, despite his request, remained unfilled. The Election Code provides that the county officers electoral board passing on the nomination of judicial offices "shall be composed of the county clerk, the State's attorney of the county or an Assistant State's Attorney designated by the State's Attorney, and the clerk of the circuit court of the county." (Ill. Rev. Stat. 1985, ch. 46, par. 10—9(2).) Nowhere does it say that nonattendance by a member at a single hearing of the Board creates a vacancy required to be filled. Further, the Board is composed of three members; two members were present for the hearing. Their votes were sufficient to sustain Board action. (See *Roti v. Washington* (1986), 148 Ill. App. 3d 1006, 1012, 500 N.E.2d 463.) The absence of the third member cannot be said to have prejudiced Dugan. His petition with only 487 valid signatures where 500 are required by statute would still have been found invalid.

For the reasons stated above the decision of the circuit court affirming the ruling of the Electoral Board, sustaining objections to the nomination petitions of John Michael Dugan, declaring them invalid, and ordering that his name not be printed on the Democratic ballot for the general primary election to be held on March 15, 1988, should be affirmed.