MICHAEL K. BUSH, Plaintiff-Appellant, v. THE CITY OF CHAMPAIGN ELECTORAL BOARD, Defendant-Appellee (Geraldine Parr, Intervenor-Appellee).

Fourth District    No. 4—95—0151

Argued March 15, 1995.—Opinion filed April 21, 1995.

James A. Martinkus (argued), of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellant.

Frederick C. Stavins, Corporation Counsel, and Trisha A. Crowley, Assistant Corporation Counsel, both of Champaign, for appellee City of Champaign Electoral Board.

Jane O'Leary Young (argued), of Champaign, for appellee Geraldine Parr.

JUSTICE COOK delivered the opinion of the court:

The City of Champaign Electoral Board (Board) refused to certify plaintiff, Michael K. Bush, as a candidate for the election of City of Champaign city council member at-large after objections to his nomination papers were filed by intervenor, Geraldine Parr. The Board concluded that the failure of plaintiff to identify the office for which he was seeking election, on his nomination petitions, rendered them invalid. On review, the circuit court affirmed the Board's decision and, in addition, determined that plaintiff's failure to file a receipt showing he filed his statement of economic interest with the county clerk also invalidated his nomination papers. Plaintiff appeals.

On plaintiff's motion, we granted expedited consideration of this case due to the pendency of the election on April 4, 1995. On March 15, 1995, we heard oral argument and subsequently issued a ruling from the bench affirming the judgment of the circuit court and indicated a written disposition would follow.

The sole issue on appeal is whether the intervenor's objections were timely filed. The facts are not in dispute. The last date for a candidate to file nomination papers for the office of city council member at-large was December 19, 1994. The city clerk's office is the "local election official" for the purpose of filing such nomination papers under section 10—6 of the Election Code (Code) (10 ILCS 5/10—6 (West 1992)). Potential objectors have five "business days" after the last day for filing nomination papers to file objections. (10 ILCS 5/10—8 (West 1992).) "Business day" is defined under the Code as "any day in which the office of an election authority, local election official or the State Board of Elections is open to the public for a minimum of 7 hours." (10 ILCS 5/1—3(22) (West 1992).) The objections were filed on December 28, 1994.

The controversy surrounds December 23, 1994, a Friday. On that day, the city clerk's office was closed, as it was on December 26, 1994, a Monday, in observance of the Christmas holidays. The State Board of Elections, however, was open on December 23, 1994, because the State of Illinois did not designate that date as a holiday.

Plaintiff contends that because the State Board of Elections was open, December 23, 1994, constituted a "business day," making the deadline for filing objections December 27, 1994. In doing so, plaintiff relies upon section 10—8 of the Code, which states that an objector:

"shall file an objector's petition together with a copy thereof in the principal office or the permanent branch office of the State Board of Elections, or in the office of the election authority or local election official with whom the certificate of nomination, nomination papers or petitions are on file." (10 ILCS 5/10—8(B) (West 1992).)

Petitioner contends that because of the use of the disjunctive "or" within this provision, if any election entity is open on any given day for business, that day constitutes a business day for all election entities and provides an objector with a choice of places to file objections. Plaintiff maintains that objections to his Champaign city council nomination papers could have been filed on December 23, 1994, with the State Board of Elections even though his nomination papers were on file only in the city clerk's office of Champaign. We cannot agree.

In *Dugan v. Cook County Officers Electoral Board* (1988), 166 Ill. App. 3d 459, 519 N.E.2d 1064, *rev'd* (1988), 119 Ill. 2d 555, 520 N.E.2d 637, the supreme court, in a supervisory order, expressly adopted the dissenting appellate court opinion when it reversed the majority decision. In that case, a candidate for circuit judge of Cook County filed his nomination petitions with the principal office of the State Board of Elections in Springfield. An objector subsequently filed objections

in the branch office of the State Board of Elections in Chicago. Although the Chicago filing was within the deadline, the objections did not physically reach Springfield until after the deadline. The majority opinion of the appellate court held that the petitions were untimely because they must be filed where the nominating petitions are filed and they were not filed with the principal office of the State Board of Elections within the deadline.

The dissenting opinion, adopted by the supreme court, rejected this interpretation. The dissent explained the language of the statute did not require that the objections be filed where the nomination papers were on file but, instead, required that the objections be filed "with whom" the nomination papers are on file. (*Dugan*, 166 Ill. App. 3d at 465, 519 N.E.2d at 1068 (White, P.J., dissenting).) The "whom" in that case was the office of the State Board of Elections without regard to how many office locations it maintained. In *Dugan*, the State Board of Elections had two offices, and it was held that the filing could be made with either one. In the present case, the "local election office" had only one location, and the filing had to be done there. There was no alternate right in this case to file an objection in the office of the State Board of Elections.

The essence of *Dugan* is that objections are only properly filed with the election entity with whom the original nomination papers were filed. In this case, that was the city clerk of Champaign. Since that office was closed, December 23, 1994, did not constitute a business day and the objections were timely filed on December 28, 1994.

We reject plaintiff's alternative argument that because the city clerk had indicated in its notice to the public that objections could be presented to the City of Champaign police department information desk on December 23, 1994, that option was tantamount to an opening of the city clerk's office for business on that date. The Board rejected that argument, finding the opportunity to present objections at the police department would not have allowed persons desiring to object to petitions the ability to review nomination papers of candidates on file with the city clerk's office. The Board also found that any objections which would have been presented to the police would not have been "filed" with the city clerk until Tuesday, December 27, 1994, when the city clerk's office reopened for business. We agree with this interpretation. "Filing" means filing at the customary office and within the customary office hours of the public entity. (*Daniels v. Cavner* (1949), 404 Ill. 372, 378, 88 N.E.2d 823, 826.) Providing an alternative method for delivery of objections cannot be equated with actual filing of those objections.

For the foregoing reasons, the judgment of the Champaign County circuit court is affirmed.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.