ROY LEE HAMIL, Plaintiff-Appellant, v. DR. DAVID VIDAL *et al.*, Defendants-Appellees.

Fifth District   No. 5—84—0715

Opinion filed December 20, 1985.—Supplemental opinion filed on denial of rehearing February 14, 1986.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring, Barry R. Chafetz, and Leslie J. Rosen, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, and Candida Miranda, Assistant Attorney General, of Chicago, of counsel), for appellee State of Illinois.

Freeark, Harvey & Mendillo, of Belleville (James R. Mendillo and Ray H. Freeark, Jr., of counsel), for appellee J. L. Beguelin.

JUSTICE KARNS delivered the opinion of the court:

The sole issue on appeal is whether the statute of limitations in a medical malpractice case should be tolled by the incarceration of

the victim of the alleged malpractice. It must be noted that, because the trial court dismissed the plaintiff's action at the pleadings stage, the facts as stated in the pleadings have been taken as true for purposes of this appeal.

Plaintiff, Roy Lee Hamil, was incarcerated during two separate periods of time. While an inmate at the Menard Correctional Center, Hamil suffered a broken leg which was treated and set in a cast by defendant physicians, David Vidal and M. Zemlyn, on August 29, 1974. Then, while temporarily admitted to St. Mary's Hospital in Centralia in June and/or July of 1977, Hamil was treated by Dr. Beguelin for related problems stemming from the broken leg; and in August of 1977, Hamil was treated, again for related problems, by Dr. Rader at the Vienna Correctional Center. On June 2, 1978, Hamil was released from prison and approximately six months later, on January 26, 1979, Hamil learned of the alleged malpractice through a visit to his own doctor. Nearly six months after that, in June of 1979, Hamil was reincarcerated. He was released in April of 1983 and filed the instant action on May 16, 1983. On October 2, 1984, the trial court dismissed Hamil's action with prejudice.

Neither party disputes that the applicable limitations provision is found in section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212), which reads as follows:

> "Sec. 13—212. Physician or hospital. No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act.
>
> If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed."

Hamil concedes that his complaint was not timely filed, but argues

that the underlying purpose of the statute of limitations was frustrated by the trial court's dismissal of his cause of action. In support of his claim, Hamil states that the purpose of such statutes is to provide the defendant with sufficient opportunity to investigate the claim against him while the relevant evidence is still ascertainable, and emphasizes that such statutes are designed to prevent facts from being obscured by the lapse of time, defective memory of witnesses or the death or removal of witnesses. (*Pfeifer v. Bell & Howell Co.* (1977), 53 Ill. App. 3d 26, 368 N.E.2d 520.) Hamil urges that there is no such danger in the instant case because the medical records have been preserved and obtaining medical experts would be no more difficult now than it would have been in 1980 or 1981. Hamil concludes that the defendants would not be prejudiced were his case allowed to proceed.

In response, the State, in its brief, filed on behalf of Drs. Vidal, Zemlyn and Rader, correctly points out that Hamil, in effect, requests this court to "tack" his second period of incarceration onto his first period of incarceration so as to toll the running of his statute. The State asserts that this cannot be done, as once a prisoner is released the benefit of the tolling statute is lost forever and subsequent disabilities for purposes of the limitations provision cannot be cumulative, citing *Keil v. Healey* (1876), 84 Ill. 104, and *Boag v. Chief of Police* (9th Cir. 1982), 669 F.2d 587. It is the State's position that the statute was tolled until June 2, 1978, when Hamil was first released from prison, so that he had two years from that date, or until June 2, 1980, to bring his cause of action. Moreover, the State asserts that even the application of the four-year absolute limitation period would have required Hamil to file his claim by June 2, 1982. Because Hamil was under no disability at the time he learned of the malpractice on January 26, 1979, the State concludes that Hamil was required to file his action before January 26, 1981. The State also argues that the application of the limitation period is jurisdictional and that the trial court lacked the discretion to toll the statute without statutory authority to do so. Finally, the State asserts that its rights would be prejudiced were this action allowed to proceed. Dr. Beguelin responds to Hamil's appeal with much the same argument as the State, and cites *Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142, for the proposition that once a limitation period has begun to run, it is not arrested unless expressly so provided in the statute.

■ Under the applicable statute of limitations, imprisonment on criminal charges on the date the cause of action occurred tolls the

running of the period until the disability is removed or, in other words, until the plaintiff is no longer imprisoned. In the instant case, Hamil's imprisonment on the date the cause of action occurred operated to toll the period of limitations until he was no longer imprisoned, or until June 2, 1978. He then had two years from the date he learned of the alleged malpractice in which to file his claim. We decline to imply an additional exception to the statute, and hold that Hamil's second period of incarceration did not further toll the funning of the period. A careful reading of the applicable statute here reveals that the limitations period is tolled only for that period of imprisonment during which the malpractice occurs, not during subsequent periods of incarceration. This is reasonable, because once a prisoner is released and, as in this case, learns of the malpractice, nothing prevents the plaintiff from commencing his action at that time.

We have been invited to address certain hypothetical situations posed in appellant's reply brief which purport to illustrate the rather harsh consequences which often result from an arbitrary application of a statutory limitations provision. Appellant speculates on the injustice that would ensue from a peremptory dismissal of a suit filed by an incompetent mental patient who, negligently treated by a hospital physician while confined for psychiatric care, suffers a stroke one day after his release years later, and is reconfined for two years. Our holding in the present case would bar his suit if it was filed after his second release. Or, appellant suggests the case of a 17-year-old girl who suffers a broken jaw during a tooth extraction and, two weeks after her 18th birthday, is injured and lapses into a coma for 23½ months. Her cause of action would be denied because the limitations period had expired.

We have not considered either of these extreme situations in deciding the issue presented, because the circumstances before us are vastly dissimilar. More importantly, a statute of limitations is, by its very nature, an arbitrary provision which often issues diverse and seemingly capricious results. Nevertheless, it must not be enlarged by judicial action beyond its legislatively intended scope (*Severe v. Miller* (1983), 120 Ill. App. 3d 550, 555, 458 N.E.2d 173, 176), and we will not do so here.

For the reasons stated, we hold that the plaintiff's complaint was not timely filed pursuant to the applicable statute of limitations and that the circuit court's order of dismissal must, therefore, be affirmed.

Affirmed.

KASSERMAN, P.J., and JONES, J., concur. ·

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE KARNS delivered the opinion of the court:

■ Appellant has petitioned this court for a rehearing, asserting that our decision is a "malconstruction" of the limitations act and that our ruling frustrates the principles of the discovery rule as it relates to medical malpractice cases. Appellant has cited *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, and *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408, to defend his proposition that section 13—212 was improperly applied to his case, and that because his cause of action had not accrued until 1979, he is allowed to toll the limitations period from the date of the 1979 incarceration. He states: "*** there is no tacking consideration involved. Prior incarceration of plaintiff is irrelevant." He insists now that the action was timely filed.

We will not reconsider our decision. Neither the discovery rule, nor the cases now referred to dealing with the discovery rule, were argued or cited in appellant's brief or at oral argument. In fact, the entire point of appellant's brief and argument was that he should be allowed to "tack" the periods of disability. Not only has appellant raised matters that were not argued in his original brief, but his petition seeks a reconsideration on a basis which directly contradicts appellant's initial arguments. In his initial brief, appellant's opening statement was:

> "Assuming that Mr. Hamil learned of defendants' negligence on or about January 26, 1979, he had until January 26, 1981, to file a timely medical malpractice action. [Citation.] And concededly, where Mr. Hamil did not file his lawsuit until May 13, 1983, it was not, technically speaking, timely filed."

That concession cannot be reconciled with the argument now posed.

The petition for rehearing is denied.

Denied.

KASSERMAN, P.J., and JONES, J., concur.