CONSOLIDATION COAL COMPANY, Plaintiff-Appellee, v. THE DEPART-MENT OF MINES AND MINERALS, Defendant-Appellant.

Fifth District   No. 5—86—0076

Opinion filed September 22, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Edward M. Kay, Assistant Attorney General, of Chicago, of counsel), for appellant.

Robert H. Seibert, of Hohlt, House, DeMoss & Johnson, of Pinckneyville, and Daniel E. Rogers, of Pittsburgh, Pennsylvania, for appellee Consolidation Coal Company.

Janine Landow-Esser and Johnnie J. Brown, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for amicus curiae Illinois Coal Association.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Illinois Department of Mines and Minerals, appeals from a judgment entered by the circuit court of Perry County which, on administrative review, reversed defendant's finding that plaintiff, Consolidation Coal Company, violated the Surface Coal Mining Land Conservation and Reclamation Act. (Ill. Rev. Stat. 1985, ch. 96½, par. 7901.01 et seq.) The facts are as follows.

After Congress enacted the Federal Surface Mining Control and Reclamation Act of 1977 (30 U.S.C. sec. 1201 et seq. (1982)), Illinois enacted the Surface Coal Mining Land Conservation and Reclamation Act. (Ill. Rev. Stat. 1979, ch. 96½, par. 7901.01 et seq. (as enacted by Pub. Act 81—1015, eff. June 1, 1980).) Section 1.02 of the Illinois Act, which has not been amended or altered, provides in pertinent part:

"(b) It is the purpose of this Act to implement these policies through methods and standards that fully comply with the requirements established by the United States Congress in the Surface Mining Control and Reclamation Act of 1977.

(c) It is also the purpose of this Act to establish requirements that are no more stringent than those required to meet the Federal Surface Mining Control and Reclamation Act of 1977 (PL 95—87)." (Ill. Rev. Stat. 1985, ch. 96½, pars. 7901.02(b), (c).)

The Illinois Act further provides that the Illinois Department of Mines and Minerals may, after notice and hearing, enforce provisions of the Act by imposing civil penalties (i.e., fines) upon the violator. See Ill. Rev. Stat. 1985, ch. 96½, pars. 7908.01 to 7908.10.

When the Federal Act was first implemented, the United States

Department of the Interior's Office of Surface Mining Reclamation and Enforcement set an effluent limit on suspended solids of 70 milligrams per liter for sedimentation ponds. (See 44 Fed. Reg. 15,398 (1979).) However, this effluent limitation was deleted by a 1982 amendment (see 47 Fed. Reg. 47,222 (1982)) which adopted by reference the more relaxed effluent limitations imposed upon surface miners by the United States Environmental Protection Agency (see 40 C.F.R. sec. 434 (1986)). The Illinois regulations provide that no single discharge of water from a sedimentation pond may contain more than 35 milligrams of suspended solids per liter. 35 Ill. Adm. Code secs. 406.101, 406.106 (1982).

On December 20, 1983, an Illinois Department of Mines and Minerals inspector noticed a discharge issuing from a sedimentation pond located on the site of plaintiff's Burning Star No. 4 mine. The inspector took a sample of this discharge, which was found to contain 91 milligrams of suspended solids per liter. On February 1, 1984, plaintiff was formally notified of this violation. Plaintiff challenged this notice of violation, asserting that it should be required to follow only the less stringent Federal guidelines. After considering the evidence, a hearing officer affirmed the issuance of the notice of violation. In doing so, the hearing officer found that plaintiff had to comply with both State and Federal law (see 40 C.F.R. sec. 434 (1986)); thus, the notice of violation was supported by the more stringent State law. On administrative review, however, the circuit court reversed this determination, concluding that section 1.02(1) of the Illinois Act mandates that State requirements for surface mining be no more stringent than Federal requirements. The Illinois Department of Mines and Minerals appeals, contending that more stringent State requirements may be enforced under the Illinois Act even when comparable Federal requirements are less stringent.

■■■ The Illinois Act authorizes the Illinois Department of Mines and Minerals to regulate surface coal mining and to punish those who violate such regulations. Since the Illinois Act is both regulatory and penal in nature, the Act should be strictly construed in light of the language used and the evil to be remedied. (See *National Talent Association, Inc. v. Holland* (1979), 76 Ill. App. 3d 556, 562, 395 N.E.2d 142, 147-48.) Courts should first look to the statutory language as the best indication of the intent of the drafters. Where the language is unambiguous, a court must enforce the law as enacted without resort to other aids. *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076, 1079.

■ The express purpose of the Illinois Act is to fully comply with

the Federal Act without imposing requirements more stringent than those mandated by the Federal Act. (Ill. Rev. Stat. 1985, ch. 96½, par. 7901.02(b), (c).) Although sections 3.10 and 3.20 of the Illinois Act provide that surface coal miners must comply with State water pollution guidelines (Ill. Rev. Stat. 1985, ch. 96½, pars. 7903.10, 7903.20), any inference that these provisions allow for more stringent State requirements is overcome by the legislature's clear, express intention that State requirements be no more stringent than comparable Federal requirements. This construction is especially necessary given the quasi-penal nature of the enforcement procedures provided for in the Illinois Act. Accordingly, we reject the Illinois Department of Mines and Minerals' assertion that State effluent limitations for sedimentation ponds which are more stringent than comparable Federal limitations are enforceable under the Illinois Act. We note in passing that had the legislature intended for section 1.02 of the Illinois Act to be a preamble and nothing more, they would not have assigned it a numerical designation. See generally Pub. Act 82—968, at 2368, eff. Sept. 7, 1982 (preamble to the "look alike" provisions of the Illinois Controlled Substances Act and is not assigned a numerical designation).

For the foregoing reasons, the judgment of the circuit court of Perry County is affirmed.

Affirmed.

KARNS, P.J., and WELCH, J., concur.