ROBERT SCOTT, Plaintiff-Appellant, v. ARCHER-DANIELS-MIDLAND COMPANY, Defendant-Appellee.

Fifth District No. 5—88—0674

Opinion filed February 27, 1990.

Grady E. Holley, of Holley, Keith & Huntley, of Springfield, for appellant.

R. Samuel Postlewait and Glen A. Featherstun, both of Armstrong, Winters, Prince, Featherstun & Johnson, of Decatur, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This appeal arises from the trial court's granting of defendant's motion to dismiss plaintiff's complaint with prejudice. For purposes of this appeal, we will consider the facts as stated in the pleadings as true.

On December 4, 1984, Robert Scott was injured while engaged in the course of his employment. At the time, he was working as a laborer in a plant owned by the defendant Archer-Daniels-Midland Company (Archer-Daniels). Plaintiff filed a complaint on October 8, 1987. Subsequently plaintiff filed an amended complaint, which is the subject of this appeal. Count I was directed at the defendant Archer-Daniels. Count II asserted a cause of action against the manufacturer, seller

and installer of certain steam pipes located in Archer-Daniel's plant where the injury allegedly occurred. Plaintiff alleged in his complaint that subsequent to his injury he was incarcerated in the Illinois penitentiary from January 1986 to January 1987.

Archer-Daniels filed a motion to dismiss, with prejudice, count I of plaintiff's complaint, pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), which provides for dismissal of an action that is not commenced within the time limited by law. Archer-Daniels argued that section 13—202 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—202) requires that actions for damages for an injury to the person be commenced within two years next after the cause of action accrued. Defendant contended that although plaintiff alleged that he was incarcerated from January 1986 to January 1987, the statute of limitations was not tolled.

In opposition to Archer-Daniel's motion to dismiss, plaintiff argued that section 13—211 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—211) tolled the time within which plaintiff had to commence his cause of action. Defendant argued, and the circuit court agreed, that based on the language of section 13—211, the plaintiff had to have been incarcerated at the time the action accrued in order to toll the two-year statute of limitation. The court granted defendant's motion to dismiss with prejudice. This appeal ensued.

The sole issue on appeal is whether the tolling provisions of section 13—211 apply to this case. Section 13—211, as it read at the time plaintiff filed his complaint, provided as follows:

"If the person entitled to bring an action, specified in Sections 13—201 through 13—212 of this Act, at the time the cause of action accrued, is under the age of 18 years, or under legal disability, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed." Ill. Rev. Stat. 1985, ch. 110, par. 13—211.

■ The cardinal rule of statutory construction, to which all other rules of construction are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. (*People v. Goins* (1988), 119 Ill. 2d 259, 265, 518 N.E.2d 1014, 1016; *Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492, 493 N.E.2d 1071, 1074.) In determining legislative intent, courts should first consider the statutory language. Where the language is clear and unambiguous, courts must enforce the law as enacted without resort to other aids. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076, 1079; *Consolidation Coal*

*Co. v. Department of Mines & Minerals* (1987), 160 Ill. App. 3d 677, 679, 514 N.E.2d 9, 10.) However, when a statute is ambiguous on its face, as is section 13—211, the court should look to similar statutes as an aid to construction. *Di Falco v. Board of Trustees* (1988), 122 Ill. 2d 22, 27, 521 N.E.2d 923, 925.

Plaintiff submits that the legislature intended the clause *at the time the cause of action accrued* to apply only to the case of a minor and not to the other disabilities set forth in that section. Plaintiff contends that the disjunctive conjunction *or* used in the statute indicates that the various subsections which the word *or* connects should be read separately from one another. In support of his argument plaintiff cites *People v. Vraniak* (1955), 5 Ill. 2d 384, 125 N.E.2d 513, *cert. denied* (1955), 349 U.S. 963, 99 L. Ed. 2d 1285, 75 S. Ct. 895. In *Vraniak* the statute which was construed read:

> "Whoever conveys into the penitentiary, or into any jail or other place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with *intent* to facilitate the escape of any prisoner there lawfully committed or detained, *or* by any means whatever aids, abets, or assists such prisoner to escape or to attempt to escape from any jail, prison, or any lawful detention whether such escape is effected or attempted or not, *or* conceals or assists any convict after he had escaped, shall upon conviction thereof ***." (Emphasis added.) (Ill. Rev. Stat. 1947, ch. 38, par. 228.)

The issue before the court was whether the qualifying phrase regarding intent which preceded the first clause in the statute should also be read as applying to the two subsequent clauses, thus requiring *intent* to be proven regardless of the fashion in which the statute was violated. The court, noting that as used in its ordinary sense the word *or* marks an alternative indicating that the various members of the sentence which it connects are to be taken separately, held that *intent* was an element only as to the first portion of the statute, and did not have to be alleged or proved as to the second and third alternatives.

Plaintiff submits that a similar statutory interpretation as was given in *Vraniak* should be rendered in the case at bar. Plaintiff argues that the qualifying clause *at the time the cause of action accrued* should only apply to the situation involving minors, since the disjunctive conjunction *or* is used in the statute. We disagree.

In *Estate of Riha v. Christ Hospital* (1989), 187 Ill. App. 3d 752, 544 N.E.2d 403, a decision involving the application of section 13—211 (Ill. Rev. Stat. 1985, ch. 110, par. 13—211) to a plaintiff adjudged in-

competent, the court interpreted the clause *at the time the cause of action accrued* as applying to the class of persons designated as being *under legal disability*. Furthermore, the interpretation of similar statutory language as section 13—211 was considered in *Hamil v. Vidal* (1986), 140 Ill. App. 3d 201, 488 N.E.2d 1024. The statute involved in *Hamil*, section 13—212 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212), read in part as follows:

> "If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability, or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed."

The *Hamil* court held that "[u]nder the applicable statute of limitations, imprisonment on criminal charges on the date the cause of action occurred tolls the running of the period until the disability is removed or, in other words, until the plaintiff is no longer imprisoned." (*Hamil*, 140 Ill. App. 3d at 203-04, 488 N.E.2d at 1026.) Like the statute discussed in *Hamil*, upon careful reading, section 13—211 reveals that the tolling provision applies if the disabilities therein named existed at the time the cause of action accrued.

In the case at bar, the clause *is under the age of 18 years* is inserted *after* the clause *at the time the cause of action accrued*. The comma after the qualifying clause, and before the three classes of persons designated in the statute, evidences the legislative intent to apply the language *at the time the cause of action accrued* to each of the classes of disability espoused in the statute. The disjunctive conjunction *or* appearing between each of the three classes of disability does mark an alternative indicating that the classes of disability listed in the sentence which it connects are to be taken separately. By not placing the qualifying clause *after* the first designation of a class of persons, the statute, unlike the one in *Vraniak*, and similar to the statute in *Hamil*, reads so as to apply the qualifying clause to each class of persons therein designated. It appears, therefore, by the general rules of punctuation, that the comma separating the qualifying clause from the three classes of disability which are then separated by the disjunctive conjunction *or*, operates to apply the qualifying clause to each class of disability.

■■ ■ The legislative intent behind section 13—211 supports our interpretation. The legislature's intent in section 13—211 is evident through an amendment to the Act, which was approved and became effective on November 23, 1987. (Pub. Act 85—907.) That amendment incorporated an amendment by Public Act 85—18, which substituted

"13—210" for "13—212," and rewrote section 13—211 as follows:

"Minors, persons under legal disability, and imprisoned persons. If the person entitled to bring an action, specified in Sections 13—201 through 13—210 of this Act, at the time the cause of action accrued, (i) is under the age of 18 years, (ii) is under legal disability, or (iii) is imprisoned on a criminal charge and the claim is not against the Illinois Department of Corrections or any past or present employee or official of the Department of Corrections, then he or she may bring the action within 2 years after (i) the person attains the age of 18 years, (ii) the disability is removed, or (iii) the person ceases to be imprisoned." (Ill. Rev. Stat. 1987, ch. 110, par. 13—211.)

Now there is no question that the tolling provision of section 13—211 applies to each class of disability. An amendment to a statute is an appropriate source for determining the legislative intent. (*People v. Rink* (1983), 97 Ill. 2d 533, 540, 455 N.E.2d 64, 68; *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 271-72, 408 N.E.2d 204, 209.) An amendment of an unambiguous statute indicates a purpose to change the law, while no such purpose is indicated by the mere fact of an amendment of an ambiguous provision. (*O'Connor*, 81 Ill. 2d at 271, 408 N.E.2d at 209.) The amendment to section 13—211 by Public Act 85—907 creates no substantive change other than specifying that the claims of the class of persons who are imprisoned must not be "against the Illinois Department of Corrections or any past or present employee or official of the Department of Corrections." Other than this change, it is clear that the purpose of the amendment was to clarify the ambiguity as to whether or not the tolling provision applied to each class of persons designated in section 13—211. We view this amendment not as a substantive change in the law, but rather as a clarification of section 13—211 as it existed at the time plaintiff filed his complaint. We hold in the instant case that the qualifying clause of section 13—211 (Ill. Rev. Stat. 1985, ch. 110, par. 13—211) applies to each of the three designated classes of disability therein named.

As the plaintiff in the case at bar was not incarcerated at the time his cause of action accrued, and as the two-year statute of limitation to his cause of action ran prior to the filing of his complaint, the trial court's granting of defendant's motion to dismiss with prejudice is hereby affirmed.

Affirmed.

LEWIS, P.J., and RARICK, J., concur.