*In re* INCORPORATION OF THE VILLAGE OF GODFREY, MADISON COUNTY (Robert L. Higgins *et al.*, Intervenors-Appellants).

Fifth District   No. 5—91—0894

Opinion filed April 13, 1993.—Rehearing denied May 13, 1993.

Robert E. Ryan, of Alton, for appellants.

James S. Sinclair, of Stobbs & Sinclair, and William F. Sherwood, of Thomas, Mottaz, Eastman & Sherwood, both of Alton, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Appellants, Robert L. Higgins, William J. Preis, and Rand J. Springman, appeal from the circuit court of Madison County's order denying their petition to intervene, objecting to the court's order setting municipal officer elections, and asking the court to vacate all orders previously entered in this case. We affirm for the reasons set forth below.

The facts and history of this case are as follows: A petition to form a new municipality, the Village of Godfrey, and an affidavit and a copy of the published notice of the intent to file the petition were filed on November 20, 1990, in the circuit court of Madison County pursuant to the Illinois Municipal Code. (Ill. Rev. Stat. 1989, ch. 24, pars. 2—3—5a, 2—3—6.) A hearing was held on the petition, and no objections were presented. The court ruled that the proposed area of incorporation constituted a village in fact, and the court certified the question of incorporation for submission to the electors at the election to be held on April 2, 1991. At the election of April 2, 1991, the electors voted in favor of incorporation of the Village of Godfrey.

Subsequently, on April 10, 1991, pursuant to a petition to set municipal elections filed by the incorporators, the court entered an order setting the election of the municipal officers of the village for November 5, 1991. The appellants filed their petition to intervene on September 4, 1991. In their petition, the appellants objected to the court's order setting the election of the municipal officers and to the court's order submitting the question of incorporation of the village, asserting that the court had no jurisdiction to enter these orders. The court permitted the appellants to intervene, and following a hearing on the petition to intervene, the court denied the appellants' petition. This appeal followed.

On appeal, the primary concern is the reconciliation of certain provisions of the Election Code (Ill. Rev. Stat. 1989, ch. 46, par. 1—1 et seq.) with certain provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, 1—1—1 et seq.). While several sections of each code come into consideration in this decision, the sections which are to be reconciled are section 28—2 of the Election Code (Ill. Rev. Stat. 1989, ch. 46, par. 28—2) and sections 2—3—6 and 2—3—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, pars. 2—3—6, 2—3—7). It is the appellants' contention that the court exceeded the statutory authority of section 28—2 when it set the referendum of the question of incorporation on April 2, 1991, as the notice of the intention to file the petition to incorporate was defective under the statute. The appellants' second contention is that the court exceeded its statutory au-

thority provided in section 2—3—7 when it set the election of the municipal officers for November 5, 1991, as this date was not a scheduled date for a general municipal election. The appellants assert that because the court exceeded its statutory authority and the statute is the sole basis of the court's jurisdiction, the petition for incorporation and the subsequent referendum flowing from the petition were null and void, and that the election of the municipal officers must be vacated for lack of jurisdiction.

Because it necessarily follows that if the referendum considered by the electors at the April 2, 1991, election was null and void, the subsequent election of officers was also void, we first consider whether the court had jurisdiction to order the referendum for incorporation under the statute. As the appellants correctly assert, a court derives its jurisdiction from the statute alone when considering the establishment of a municipal corporation; therefore, the conditions of the statute must be complied with or the court has no jurisdiction and the elected officers are not justified in holding their offices. (*People ex rel. Moran v. Teolis* (1960), 20 Ill. 2d 95, 169 N.E.2d 232.) Because the issue requires this court to reconcile the Election Code with the Illinois Municipal Code, our consideration of necessity entails statutory construction of the pertinent sections of the codes involved.

Generally, to construe a statute, a court must ascertain the intent of the legislature and give it effect. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 473 N.E.2d 1313.) The entire statute must be examined for guidance as to that intent. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 473 N.E.2d 1313.) In considering the statute, language is given its plain and ordinary meaning. (*Roser v. Anderson* (1991), 222 Ill. App. 3d 1071, 584 N.E.2d 865.) Also, the statute as a whole must be considered, and each word, clause and section should be attributed some reasonable meaning. (*Roser v. Anderson* (1991), 222 Ill. App. 3d 1071, 584 N.E.2d 865.) It is also a rule of construction that an interpretation that renders any part of a statute superfluous or produces an absurd result must be avoided. (*Roser v. Anderson* (1991), 222 Ill. App. 3d 1071, 584 N.E.2d 865.) A court must also consider the objective of the statute and the evils it remedies when construing the statute. (*City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 473 N.E.2d 1313.) It is presumed that the legislature intended its enactments to be consistent and harmonious, and where provisions are *in pari materia*, the provisions must be construed in reference to each other and in harmony with each other. (*Robinson v. Jones* (1989), 186 Ill. App. 3d 82, 542 N.E.2d 127.) It has been held

that the Election Code and the Illinois Municipal Code are to be considered *in pari materia* when construing the provisions of these codes. (*United Citizens v. Coalition to Let the People Decide in 1989* (1988), 125 Ill. 2d 332, 531 N.E.2d 802.) With these principles in mind, we now consider the pertinent provisions of the statutes involved.

Section 28—2 of the Election Code provides in pertinent part as follows:

> "A petition for the incorporation or formation of a new political subdivision whose officers are to be elected rather than appointed must have attached to it an affidavit attesting that at least 108 days and no more than 138 days prior to such election notice of intention to file such petition was published in a newspaper published within the proposed political subdivision, or if none, in a newspaper of general circulation within the territory of the proposed political subdivision in substantially the following form:

> NOTICE OF PETITION TO FORM A NEW _____

> Residents of the territory described below are notified that a petition will or has been filed in the Office of _____ requesting a referendum to establish a new _____, to be called the _____.

> *The officers of the new _____ will be elected on the same day as the referendum. Candidates for the governing board of the new _____ may file nominating petitions with the officer named above until _____.

> The territory proposed to comprise the new _____ is described as follows:

> (description of territory included in petition)

> (signature) _____

> Name and address of person or persons proposing the new political subdivision.

> Failure to file such affidavit, or failure to publish the required notice with the correct information contained therein shall render the petition, and any referendum held pursuant to such petition, null and void.

> *Where applicable." (Ill. Rev. Stat. 1989, ch. 46, par. 28—2.)

According to the appellants, it is the incorporators' failure to comply with the asterisked portion of the notice provision in the foregoing statute which rendered the petition and the referendum held pursuant thereto null and void.

The incorporators provided notice as required under section 28—2; however, the notice did not include the asterisked paragraph of the notice form of the statute. The appellants assert that this paragraph was required as the municipal officers were required by statute to be elected on the same day as the consideration of the referendum on incorporation, and because the notice lacked this paragraph, the statute was not complied with and the court had no jurisdiction.

In conjunction with section 28—2, the appellants support their argument that the asterisked paragraph in the notice was required by citing to sections 28—1 and 2A—1.2(f) of the Election Code (Ill. Rev. Stat. 1989, ch. 46, pars. 28—1, 2A—1.2(f)). Section 28—1 provides that the initiation and submission of all public questions to be voted upon by the electors is subject to the provisions of article 28 of the Election Code. (Ill. Rev. Stat. 1989, ch. 46, pars. 28—1 through 28—13.) Section 2A—1.2(f) provides:

"At any election established in Section 2A—1.1, public questions may be submitted to voters pursuant to this Code and any special election otherwise required or authorized by law or by court order may be conducted pursuant to this Code.

Notwithstanding the regular dates for election of officers established in this Article, whenever a referendum is held for the establishment of a political subdivision whose officers are to be elected, the initial officers shall be elected at the election at which such referendum is held if otherwise so provided by law. In such cases, the election of the initial officers shall be subject to the referendum." (Ill. Rev. Stat. 1989, ch. 46, par. 2A—1.2(f).)

The appellants contend that when these sections are considered together, it is apparent that the municipal officers must be elected the same day as the referendum and the asterisked paragraph of the notice is required.

It is the incorporators' position that, under sections 2—3—6 and 2—3—7 of the Illinois Municipal Code, a two-step process is provided, *i.e.*, that the referendum of the incorporation is first considered, and subsequently, after a municipality is incorporated, the court must order the election of the officers. The incorporators conclude, therefore, that the asterisked paragraph of the notice is not applicable. The incorporators assert that the notice was proper, the statutory requirements were met, and the incorporation of the village was valid.

■ Section 2—3—6 of the Illinois Municipal Code provides:

"Upon the filing of such a petition [of intention to seek incorporation] with the circuit clerk, the court shall hear testimony and rule that the area under consideration is or is not a village in fact. The ruling of the court shall be entered of record in the court. *** If the court rules that the area does constitute a village in fact, such court shall enter an order so finding and the proposition shall be certified and submitted to the electors of such area in the manner provided by the general election law. ***

The result of the election shall be entered of record in the court. If a majority of the votes cast at the election favor incorporation as a village under the general law the inhabitants of the territory described in the petition are incorporated as a village under this Code with the name stated in the petition." (Ill. Rev. Stat. 1989, ch. 24, par. 2—3—6.)

In addition to the foregoing statute, section 2—3—7 then provides:

"Thereupon the court shall order the election of village officers at the general municipal election in accordance with the general election law and for that initial election of officers, the clerk of the circuit court shall perform all election duties of the municipal clerk as provided by law. The term of office of the village officers elected at the next general municipal election shall terminate as soon as their successors are elected at the next regular election and have qualified." (Ill. Rev. Stat. 1989, ch. 24, par. 2—3—7.)

From the plain language of the two aforementioned sections, we agree with the incorporators that the Illinois Municipal Code provides for a two-step process: (1) that the referendum of incorporation must be voted upon by the electors, that the results of the election must be entered of record, and that the municipality is then incorporated as a village, and (2) that an election of the municipal officers follows at some later date (the next general municipal election). How then does this language reconcile with section 2A—1.2(f) of the Election Code, which requires that all elected officers of a newly formed political subdivision are to be voted upon the same day as, and be subject to, the referendum?

The crucial language in this consideration is the language "the initial officers shall be elected at the election at which such referendum is held *if otherwise so provided by law*." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 46, par. 2A—1.2(f).) The plain meaning of this language indicates that the officers will be simultaneously elected with the vote on the referendum if some other law, in addi-

tion to the Election Code, so provides. If we were to adopt the appellants' interpretation of this language, that the Election Code takes precedence over the Illinois Municipal Code, the language of section 2A—1.2(f) emphasized above and section 2—3—7 of the Illinois Municipal Code become superfluous, a result not intended by the legislature and a construction of the statutes to be avoided. Because section 2—3—7 provided that the election of the municipal officers occur at a subsequent date to the consideration of the referendum of incorporation, then the paragraph of section 2A—1.2(f) requiring simultaneous elections is not applicable. Because simultaneous elections were not required, the asterisked paragraph of the notice form in section 28—2 was likewise not applicable, the incorporators' notice was correct, and the petition and referendum on incorporation were valid.

The fallacy of the appellants' reasoning arises in viewing section 2A—1.2(f) as applying only to the incorporation of a village or a city under the Illinois Municipal Code. This section is not to be so restrictively considered, for this section applies to all petitions for formation of a new political subdivision. The term "political subdivision" is defined in the Election Code as "any unit of local government, or school district." (Ill. Rev. Stat. 1989, ch. 46, par. 1—3.) Black's Law Dictionary defines "local government" as a "[c]ity, county, or other governing body at a level smaller than a state." (Black's Law Dictionary 846 (5th ed. 1979).) From the dictionary definition, it is clear that a political subdivision cannot be restricted to mean a municipality but also applies to other governing bodies such as districts. When this definition is considered, a search of other statutes reveals that other codes refer to and are to be read in concert with the Election Code and, in particular, section 28—2. Without going into an exhaustive study, two particular codes will suffice for example.

In "An Act to create sanitary districts in certain localities * * *," the process for forming a sanitary district is begun by filing a petition similar to a petition filed under the Illinois Municipal Code. (Ill. Rev. Stat. 1989, ch. 42, par. 247.) This statute also requires compliance with the notice provision of the Election Code (section 28—2), similar to the Illinois Municipal Code. (Ill. Rev. Stat. 1989, ch. 42, pars. 247, 249.) If all statutory requirements are met, the proposition is then presented to the electors for a vote. Additionally, like the Illinois Municipal Code, the election of the officers of the sanitary district is to be conducted pursuant to the Election Code, but the statute for the creation of a sanitary district requires the elec-

tion of the corporate officers of this political subdivision to come after the sanitary district is organized under the statutory provisions. (Ill. Rev. Stat. 1989, ch. 42, par. 250.) Thus, the asterisked paragraph in the notice provision of section 28—2 would not apply to the formation of a sanitary district since that statute does not "otherwise so provide" for a simultaneous election of corporate officers with the creation of the political subdivision.

In contrast is the Park District Code (Ill. Rev. Stat. 1989, ch. 105, par. 1—1 *et seq.*). In this statutory scheme, again, the creation of a park district, a political subdivision, is initiated by petition. (Ill. Rev. Stat. 1989, ch. 105, pars. 2—2, 2—2.1.) The Park District Code also requires the filing of an affidavit attesting that notice of the intent to petition for formation was given in conformance with the Election Code (again section 28—2), just as the Illinois Municipal Code and the statute governing the formation of sanitary districts provide. (Ill. Rev. Stat. 1989, ch. 105, par. 2—2.) However, under section 2—2.1(a) of the Park District Code (Ill. Rev. Stat. 1989, ch. 105, par. 2—2.1(a)), the petition of intent to form a park district must also state whether there will be five elected commissioners or seven appointed commissioners. Further, section 2—4 of the Park District Code (Ill. Rev. Stat. 1989, ch. 105, par. 2—4) states in pertinent part:

> "If the circuit judge finds, upon such hearing, that the petition meets the requirements of this Act and the general election law, and that the boundaries as defined are reasonable boundaries for the formation of a park district or districts, he shall order the question submitted to referendum and, if applicable, the election of 5 commissioners in such proposed district or districts at the next regular election at which the question may be submitted in accordance with the general election law." (Ill. Rev. Stat. 1989, ch. 105, par. 2—4.)

It is apparent from the foregoing language that, if the commissioners are to be elected rather than appointed, then the election of the commissioners must be presented on the same day as the referendum on the formation of the park district. Further, in section 2—5 of the Park District Code (Ill. Rev. Stat. 1989, ch. 105, par. 2—5), a sample ballot presenting the referendum *and the election of the commissioners* simultaneously to the electors at the same election is provided. The Park District Code thus presents the situation where the corporate officers are to be elected simultaneously with the referendum for formation, and therefore, the asterisked paragraph of

the notice form in section 28—2 would be applicable to elected officials of a park district.

Having gone into an extensive analysis of why "*Where applicable" exists in the notice form of section 28—2, we conclude that the circuit court was correct in denying the appellants' petition to intervene, as the required notice under section 28—2 was correct, and the court had jurisdiction over this matter.

■ We now consider the appellants' second contention that the court's order setting the election of the corporate authorities exceeded its statutory authority granted under section 2A—1.4 of the Election Code (Ill. Rev. Stat. 1989, ch. 46, par. 2A—1.4) and under section 2—3—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 2—3—7). The appellants assert that the court's jurisdiction was exceeded under section 2A—1.4 because it considered the incorporators' petition for election of municipal officers *ex parte*, without notice and without a hearing on objections as that statute requires.

In considering this first prong of the appellants' argument, we note that the circuit court mentioned section 2A—1.4 in its order; however, it merely stated that it had considered this statute, not that it relied on it. We find that the court did not rely on this statute, for it is apparent that this statute is not applicable. Section 2A—1.4 applies to emergency referenda for public questions. The definition of "public question" specifically excludes the nomination or election of candidates for office. (Ill. Rev. Stat. 1989, ch. 46, par. 1—3.) Thus, the petition for election of the corporate officers could not be considered by the court under section 2A—1.4.

Section 2—3—7 of the Illinois Municipal Code, however, provides the court's jurisdiction for setting the election of corporate officers for the village. (Ill. Rev. Stat. 1989, ch. 24, par. 2—3—7.) Under this section, a court is to set elections for corporate officers following a favorable vote on the incorporation of the village. Section 2—3—7 does not require a petition be presented to set the elections or that a hearing be held on this subject. It is an action required of the court by law once a new village is incorporated. Thus, the court had jurisdiction to enter its order of April 10, 1991, setting the date of the elections for the corporate officers.

The second prong of the appellants' jurisdiction argument is that the court lacked jurisdiction to set the election of the officers for November 5, 1991. Their reasoning is that section 2—3—7 only permits the court to set the election for a "general municipal election." (Ill. Rev. Stat. 1989, ch. 24, par. 2—3—7.) Under the consoli-

dated-election schedule of the Election Code (Ill. Rev. Stat. 1989, ch. 46, pars. 2A—1.1, 2A—1.2), municipal elections are to be held on the first Tuesday of April in odd-numbered years (Ill. Rev. Stat. 1989, ch. 46, par. 2A—1.2(c)(1)); therefore, according to the appellants, the court had no jurisdiction to set the election for November 5, 1991, but, instead, must set the election for the first Tuesday in April 1993.

The appellants are correct that section 2—3—7 requires that the court set the election of corporate officers for the "next general municipal election." Again, a reference to the statutory definition section of the Election Code is useful to an understanding of the statute. The phrase "municipal election" is defined as "an election or primary, either regular or special." (Ill. Rev. Stat. 1989, ch. 46, par. 1—3.) When the definition of municipal election is applied to section 2—3—7, the term "general municipal election" could mean either a special or general election. In this case, we find that the initial election of corporate officers is either a "special election" or is an election authorized by law or court order. Under this construction, and applying section 2A—1.2(f), a special election or a court-ordered election can be conducted at any election established in section 2A—1.1, which included November 5, 1991. Therefore, the court had jurisdiction to enter its order setting the elections of the officers of the Village of Godfrey for this date. We find that the court's orders for the presenting of the referendum of incorporation and for setting the election of corporate officers and our statutory construction of the codes involved are in accord with the objective of the Election Code, which is to have a consolidated-election scheme to lessen voter confusion, increase voter participation, and provide uniformity in elections administration. *City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 473 N.E.2d 1313.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

CHAPMAN, P.J., and GOLDENHERSH, J., concur.