1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James P. CLAYTON, also known as Paul Scott, also known as C.
Morrison, Plaintiff/Appellant,
v.
A. LETT, Badge No. 5563 and R. Peck, Badge No. 5254,
Defendants/Appellees.
 No. 92-1050.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided Aug. 9, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Nov. 15, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 James Clayton filed an action in the district court pursuant to 42 U.S.C. Sec. 1983, alleging that two police officers violated his constitutional rights when they searched his apartment and arrested him in 1981. The district court dismissed his action as untimely, pursuant to 28 U.S.C. Sec. 1915(d). Clayton appeals.
 
 
 2
 The facts, as alleged by Clayton in his complaint and appellate brief, are as follows. Clayton was arrested on June 8, 1981. At that time he was charged with unlawful use of a weapon. Clayton then posted bail and was released. On July 16, 1981, Clayton was arrested again on an unrelated charge. He was readmitted to bail in October of 1981 and was again released. Clayton was arrested a third time on October 23, 1981. On December 2, 1981, Clayton appeared in court for the charge on June 8, 1981, and he was released from custody. He was re-arrested for escape and bail forfeiture on December 15, 1981, and has remained in custody ever since, having been convicted of the charge of October 23, 1981.
 
 
 3
 The events upon which Clayton's action is based allegedly occurred during the arrest on June 8, 1981. According to Clayton, the two officers "set upon" him, "restrained plaintiff's liberty" and searched his home without a warrant or probable cause. They handcuffed Clayton before arresting him for unlawful use of a weapon.
 
 
 4
 Clayton filed his lawsuit in November 1991, more than ten years after his arrest of June 8, 1991. The district court determined that Clayton's action was time-barred because the two-year statute of limitations had run. Clayton argues on appeal that the statute of limitations should have been tolled due to his incarceration.
 
 
 5
 The statute of limitations in Illinois for actions brought under section 1983 is two years. Ill.Rev.Stat. ch. 110, p 13-202; Farrell v. McDonough, 966 F.2d 279 (7th Cir.1992), cert. denied, 113 S.Ct. 1059 (1993); Wilson v. Giesen, 956 F.2d 738 (7th Cir.1992); Kalimara v. Illinois Dept. of Corrections, 879 F.2d 276 (7th Cir.1989); see Owens v. Okure, 488 U.S. 235 (1989) (section 1983 actions are governed by the state's general personal injury statute of limitations). Prior to 1991, imprisonment was considered a disability which tolled the statute of limitations until "the person ceases to be imprisoned." Ill.Rev.Stat. ch. 110, p 13-211. Although Clayton was imprisoned as a result of his arrest on June 8, 1981, he was admitted to bail in July 1981. The statute of limitations was tolled only until his release in July 1981, and Clayton was required to bring his action within two years of the removal of his "disability."
 
 
 6
 Clayton argues that his subsequent arrests should have retolled the statute of limitations because he has not enjoyed a full two years outside of prison. Federal courts must apply not only a state's statute of limitations for actions brought under section 1983, but also the state's rules for tolling its statute of limitations. Board of Regents v. Tomainio, 446 U.S. 478, 483 (1980); see Wilson v. Garcia, 471 U.S. 261, 269 (1985). The Illinois Court of Appeals has held that tolling provisions apply if the disabilities existed at the time the cause of action accrued. Scott v. Archer-Daniels-Midland Co., 551 N.E.2d 776 (Ill.App.Ct.1990); Hamil v. Vidal, 488 N.E.2d 1024 (Ill.App.Ct.1986). Subsequent periods of incarceration will not further toll the statute of limitations. Hamil, 488 N.E.2d at 1026; see Montgomery v. University of Chicago, 776 F.Supp. 342 (N.D.Ill.1991) ("exception to the limitations period applies only to imprisonment coterminous with the date of the incident giving rise to the cause of action"), aff'd, 1991 WL 328517, 1991 U.S.App. LEXIS 32338 (7th Cir. Nov. 27, 1991); accord Knox v. Cook County Sheriff's Police Dept., 866 F.2d 905, 907 (7th Cir.1988) (uninterrupted incarceration will toll the statute of limitations).
 
 
 7
 Clayton also offers some additional reasons and excuses for his delay in filing. He claims that he did not think it was proper to file an action in federal court while his state court criminal charges were pending. He also claims that he received bad advice from the legal staff at the prison. These excuses will not toll the statute of limitations. The district court properly found that Clayton's suit was time-barred.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs